Mr. Justice Black
delivered the opinion of the Court.
The question presented here is whether a state court can validly enjoin a person from prosecuting an action in personam in a district or appellate court of the United States which has jurisdiction both of the parties and of the subject matter.
The City of Dallas, Texas, owns Love Field, a municipal airport. In 1961, 46 Dallas citizens who owned or had interests in property near the airport filed a class suit in a Texas court to restrain the city from building an additional runway and from issuing and selling mu *541 nicipal bonds for that purpose. The complaint alleged many damages that would occur to the plaintiffs if the runway should be built and charged that issuance of the bonds would be illegal for many reasons. The case was tried, summary judgment was given for. the city, the Texas Court of Civil Appeals affirmed,[1] the Supreme Court of Texas denied review, and we denied certio-rari.[2] Later 120 Dallas citizens, including 27 of the plaintiffs in the earlier action, filed another action in the United States District Court for the Northern District of Texas seeking similar relief. A number of new defendants were named in addition to the City of Dallas, all the defendants being charged with taking part in plans to construct the runway and to issue and sell bonds in violation of state and federal laws. The complaint sought an injunction against construction of the runway, issuance of bonds, payment on bonds already issued, and circulation of false information about the bond issue, as well as a declaration that all the bonds were illegal and void. None of the bonds would be approved, and therefore under Texas law none could be issued, so long as there was pending litigation challenging their validity.[3] The city filed a motion to dismiss and an answer to the complaint in the federal court. But at the same time the city applied to the Texas Court of Civil Appeals for a writ of prohibition to bar all the plaintiffs in the case in the United States District Court from prosecuting their case there. The Texas Court of Civil Appeals denied relief, holding that it was without power to enjoin litigants from prosecuting an action in a federal court and that the defense of res judicata on which the city relied could be raised and adjudicated in the United States District *542 Court.[4] On petition for mandamus the Supreme Court of Texas took a different view, however, held it the duty of the Court of Civil Appeals to prohibit the litigants from further prosecuting the United States District Court case, and stated that a writ of mandamus would issue should the Court of Civil Appeals fail to perform this duty.[5] The Court of Civil Appeals promptly issued a writ prohibiting all the plaintiffs in the United States District Court case from any further prosecution of that case and enjoined them “individually and as a class . . . from filing or instituting . . . any further litigation, lawsuits or actions in any court, the purpose of which is to contest the validity of the airport revenue bonds ... or from in any,manner interfering with . . . the proposed bonds . . . The United States District Court in an unreported opinion dismissed the case pending there. Counsel Donovan, who is one of the petitioners here, excepted to the dismissal and then filed an appeal from that dismissal in the United States Court of Appeals for the Fifth Circuit. The Texas Court of Civil Appeals thereupon cited Donovan and the other United States District Court claimants for contempt and convicted 87 of them on a finding that they had violated its “valid order.” [6] Donovan was sentenced to serve 20 days in jail, and the other 86 were fined $200 each, an aggregate of $17,200. These penalties were imposed upon each contemner for having either (1) joined as a party plaintiff in the United States District Court case; (2) failed to request and contested the dismissal of that case; (3) taken exceptions to the dismissal preparatory to appealing to the Court of Appeals; or (4) filed a separate action in the Federal District Court seeking to enjoin the Supreme Court of Texas from interfering with *543 the original federal-court suit. After the fines had been paid and he had served his jail sentence,[7] counsel Donovan appeared in the District Court on behalf of himself and all those who had been fined and moved to dismiss the appeal to the United States Court of Appeals. His motion stated that it was made under duress and that unless the motion was made “the Attorney for Defendant City of Dallas and the Chief Judge of the Court of Civil Appeals have threatened these Appellants and their Attorney with further prosecution for contempt resulting in additional fines and imprisonment.” The United States District Court then dismissed the appeal.[8]
We declined to grant certiorari to review the United States District Court’s dismissal of the case before it or its dismissal of the appeal brought on by the state court’s coercive contempt judgment, but we did grant certiorari to review the State Supreme Court’s judgment directing the Civil Court of Appeals to enjoin petitioners from prosecuting their action in the federal courts and also granted certiorari to review the Civil Court of Appeals’ judgment of conviction for contempt. 375 U. S. 878. We think the Texas Court of Civil Appeals was right in its first holding that it was without power to enjoin these litigants from prosecuting their federal-court action, and we therefore reverse the State Supreme Court’s judgment upsetting that of the Court of Appeals. We vacate the later contempt judgment of the Court of Civil Appeals, *544 which rested on the mistaken belief that the writ prohibiting litigation by the federal plaintiffs was “valid.”
Early in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other’s proceedings.[9] That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court has said that the state or federal court having custody of such property has exclusive jurisdiction to proceed. Princess Lida v. Thompson, 305 U. S. 456, 465-468. In Princess Lida this Court said “where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.” Id., at 466. See also Kline v. Burke Construction Co., 260 U. S. 226. It may be that a full hearing in an appropriate court would justify a finding that the state-court judgment in favor of Dallas in the first suit barred the issues raised in the second suit, a question as to which we express no opinion. But plaintiffs in the second suit chose to file that case in the federal court. They had a right to do this, a right which is theirs by reason of congressional enactments passed pursuant to congressional policy. And whether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide. While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances,[10] it has in no way relaxed the old and well-established judicially declared *545 rule[11] that state courts are completely without power to restrain federal-court proceedings in in personam actions like the one here. And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself. For the heart of the rule as declared by this Court is that:
“. . . where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. . . . The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum.” [12]
Petitioners being properly in the federal court had a right granted by Congress to have the court decide the issues they presented, and to appeal to the Court of Appeals from the District Court’s dismissal. They have been punished both for prosecuting their federal-court case and for appealing it. They dismissed their appeal because of threats to punish them more if they did not do so. The legal effect of such a coerced dismissal on their appeal is not now before us, but the propriety of a state court’s punishment of a federal-court litigant for pursuing his right to federal-court remedies is. That right was granted by Congress and cannot be taken away by the State. The Texas courts were without power to *546 take away this federal right by contempt proceedings or otherwise.[13]
It is argued here, however, that the Court of Civil Appeals’ judgment of contempt should nevertheless be upheld on the premise that it was petitioners’ duty to obey the restraining order whether that order was valid or invalid. The Court of Civil Appeals did not consider or pass upon this question, but acted on the assumption that petitioners were guilty of “wilfull disobedience of a valid order.” 368 S. W. 2d, at 244. (Emphasis supplied.) Since we hold the order restraining petitioners from prosecuting their case in the federal courts was not valid, but was invalid, petitioners have been punished for disobeying an invalid order. Whether the Texas court would have punished petitioners for contempt had it known that the restraining order petitioners violated was invalid, we do not know. However, since that question was neither considered nor decided by the Texas court, we leave it for consideration by that court on remand. We express no opinion on that question at this time.
The judgment of the Texas Supreme Court is reversed, the judgment of the Texas Court of Civil Appeals is vacated, and the case is remanded to the Court of Civil Appeals for further proceedings not inconsistent with this opinion.

It is so ordered.

 Atkinson v. City of Dallas, 353 S. W. 2d 275 (Tex. Civ. App.).

 370 U. S. 939.

 Vernon’s Tex. Ann. Civ. Stat. Art. 1269j-5, § 3. See City of Dallas v. Dixon, 365 S. W. 2d 919, 925.

 City of Dallas v. Brown, 362 S. W. 2d 372 (Tex. Civ. App.).

 City of Dallas v. Dixon, 365 S. W. 2d 919.

 City of Dallas v. Brown, 368 S. W. 2d 240 (Tex. Civ. App.).

 While in jail counsel Donovan sought habeas corpus from both the Supreme Court of Texas and the United States Court of Appeals for the Fifth Circuit. Both courts denied relief without opinion.

 The District Court a week later dismissed as moot the action petitioners had brought in that court against the Supreme Court of Texas to enjoin the Texas court from interfering with the prosecution of the federal-court suit. Donovan v. Supreme Court of Texas, unreported. We denied certiorari sought to review that judgment. 375 U. S. 878.

 See, e. g., M‘Kim v. Voorhies, 7 Cranch 279; Diggs v. Wolcott, 4 Cranch 179.

 See 28 IT. S. C. § 2283; see also 28 U. S. C. § 1651.

 See, e. g., United States v. Council of Keokuk, 6 Wall. 514, 517; Weber v. Lee County, 6 Wall. 210; Riggs v. Johnson County, 6 Wall. 166, 194-196; M‘Kim v. Voorhies, 7 Cranch 279.

 Peck v. Jenness, 7 How. 612, 625. See also Central National Bank v. Stevens, 169 U. S. 432; cf. Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, 54, n. 23.

 In Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, the Court did not reach the question before us, since the decision there was rested on the special venue provisions of the Federal Employers’ Liability Act. See 36 Stat. 291, as amended, 45 U. S. C. § 56.