**ALUMINUM PRODUCTS DISTRIBUTORS, INC., Plaintiff-Appellee,**

v.

**AAACON AUTO TRANSPORT, INC., Defendant-Appellant.**

No. 76–1053.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 18, 1976.

Decided March 4, 1977.

Rehearing Denied March 9, 1977.

Ronald R. Hudson, Oklahoma City, Okl. (Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Ralph J. Zola, New York City (Michael G. Ames, Zola & Zola, New York City, and Paul F. Fernald, Keller & Fernald, Oklahoma City, Okl., on the brief), for defendant-appellant.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

The main issue presented in this appeal concerns the validity of an arbitration clause contained in a contract between a shipper and a carrier in interstate commerce. Aluminum Products Distributors, Inc., the shipper, entered into a contract with Aaacon Auto Transport, Inc., the carrier, whereby Aaacon agreed to drive Aluminum's 1973 Lincoln Continental automobile from Linden, New Jersey to Palm Springs, California. En route to California, Aaacon's driver drove the vehicle off the road in Oklahoma and totally demolished the automobile.

Aluminum brought suit against Aaacon in the District Court of Oklahoma County for the State of Oklahoma alleging that its Lincoln Continental had been totally destroyed because of the negligence of Aaacon's driver and sought damages in the sum of $7,648.25 and costs. Aaacon caused the action to be removed to the United States District Court for the Western District of Oklahoma on the ground that such court had original jurisdiction of the controversy under 28 U.S.C. § 1337.

Thereafter, in federal district court, Aaacon filed its answer which, among other things, affirmatively pleaded an arbitration clause contained in the contract between Aluminum and Aaacon. The arbitration clause contained in Aaacon's bill of lading reads as follows:

> Any claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or performance or breach thereof *shall be settled by arbitration in New York City.* Upon said arbitration, the arbitrator's jurisdiction shall be limited to enforcement and application, without exception, of the provisions of this agreement and, at the request of any party, of the rules and laws of evidence applicable to a court trial. Should the arbitrator vary or fail to apply and enforce, strictly, any provision of this agreement, or said rules and laws of evidence, for any reason whatsoever, said arbitrator shall be ousted of jurisdiction, and any award made by said arbitrator shall be null and void, and thereafter arbitration shall be recommenced in accordance herewith. (Emphasis added.)

After Aluminum had instituted its action in the Oklahoma state court, but before the

case had been removed by Aaacon to the federal court, Aaacon filed a proceeding in a New York state court to compel submission of the controversy to arbitration. Aluminum appeared in the New York proceeding and filed a cross application for a stay of arbitration. The New York court granted Aaacon's motion to compel arbitration, and denied Aluminum's request to stay arbitration, ruling that the action brought by Aluminum in Oklahoma "may not be maintained at this time."

Armed with the aforementioned order from the New York state court, Aaacon requested the federal district court to stay further proceedings. The district court, however, refused to stay proceedings. On trial of the matter to the court, sitting without a jury, the trial judge ruled that the arbitration clause was invalid, and entered judgment in favor of Aluminum against Aaacon in the sum of $7,548.25 and costs. Aaacon now appeals. We affirm.

Aaacon initially argues that the district court erred in refusing to stay further proceedings and that in so doing the district court did not give full faith and credit to the order of the New York state court that the parties arbitrate and that Aluminum should not further "maintain" its action against Aaacon in Oklahoma. The argument that a state court could in effect enjoin a person from proceeding further in an action previously instituted in a federal court where the federal court admittedly has jurisdiction of both subject matter and the parties is a bit startling and finds no sanction in the law. In our view, *Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) is the complete answer to the proposition that because of the order of the New York state court the federal district court should have stayed its hand.

In *Donovan* a class action was brought in state court against the City of Dallas to enjoin certain construction work at Love Field. Summary judgment was entered in favor of Dallas and on appeal was affirmed. Thereafter certain of the individual plaintiffs in the state proceedings, along with others who were not so involved, instituted proceedings in a federal district court in Texas seeking similar relief. Dallas responded in the federal court proceeding by filing a motion to dismiss and an answer, and at the same time it also applied to the Texas Court of Civil Appeals for a writ of prohibition to bar the plaintiffs from further prosecuting their case in the federal court. The Texas Court of Civil Appeals denied relief, but, on appeal, the Supreme Court of Texas held that a writ of mandamus would lie. Acting on direction, the Texas Court of Appeals then promptly issued a writ prohibiting the plaintiffs in the federal court case from proceeding further. The Supreme Court of the United States thereafter granted certiorari to review the judgment of the Supreme Court of Texas, which, as indicated, directed the Texas Court of Civil Appeals to enjoin the plaintiffs from further prosecuting their cause of action in the federal district court. It was in this factual setting that the Supreme Court held that the state court could not enjoin the plaintiffs from prosecuting the in personam action then pending in the federal court, which court had jurisdiction of both the parties and the subject matter. The Supreme Court noted that the prohibition issued by the state court was addressed to the parties, and not the federal court itself, but stated that such "does not matter."

In *Donovan* the Supreme Court recognized that though the proceedings in the federal court could not be enjoined by order from the state court, nevertheless the City of Dallas in defending against the federal claim might well defend on a plea of res judicata, *i.e.,* the first suit in the state court, and the final judgment ultimately entered in connection therewith, barred the issues from being relitigated in the subsequent federal proceeding. As to whether a plea of res judicata would indeed bar the second proceeding, the Supreme Court, however, expressed no opinion.

In *Donovan* the Texas state court actually enjoined the plaintiffs from proceeding

further in their federal court proceeding. In the instant case the New York state court did not go quite that far, only ordering Aluminum and Aaacon to proceed to arbitration and declaring that the action previously instituted by Aluminum in the Oklahoma state court, and thereafter removed to the federal court, "may not be maintained at this time." But even if the New York state court had purported to enjoin Aluminum from further prosecuting its action in Oklahoma, such order under *Donovan* would be of no effect. It is on this basis that we conclude that the district court in the instant case did not commit error in refusing to stay further proceedings in the matter then before it.

■ As indicated in *Donovan,* though the federal district court in the instant case was under no obligation to stay proceedings, Aaacon was nevertheless at liberty to assert in the federal court proceeding by way of defense a plea of res judicata, *i.e.,* the validity of the arbitration clause had been determined in the New York state court proceeding and could not be relitigated in the federal court proceeding. However, our study of the record fails to disclose that a plea of res judicata was ever asserted by Aaacon in the trial court. There is no reference to such a defense in the answer or the amended answer or the pretrial order. Nor was argument advanced during trial that under a plea of res judicata the federal district court was precluded from determining for itself the validity of the arbitration clause. It appears that Aaacon first mentioned the words res judicata in its motion for a new trial, and even then the doctrine was invoked only in support of Aaacon's contention that Oklahoma court proceedings should have been stayed. Accordingly, on appeal we decline to consider the argument made here by Aaacon that the validity of the arbitration clause had been resolved in the New York state court proceeding and, under res judicata, could not be relitigated. Under the circumstances, the district court in the instant case was free to make its own determination as to the validity of the arbitration clause.

■ In making its res judicata argument in this court we believe Aaacon is confused. Aaacon certainly did present to the trial court the argument that under the full faith and credit clause the trial court should stay any further proceedings. Such, however, is not the same as arguing that under a plea of res judicata the validity of the arbitration clause had already been established in the New York state court, and could not be relitigated in the federal district court for the Western District of Oklahoma. Such distinction is clearly recognized in *Donovan.* So, in the instant case, as concerns the validity of the arbitration clause, Aaacon could have raised the issue of res judicata as an affirmative defense under Fed.R.Civ.P. 8, but it did not.

As indicated, then, the district court was not bound by any judgment, if indeed such there was, of the New York state court upholding the validity of the arbitration clause. It was free to make its own assessment of the matter. And in holding that the arbitration clause was invalid, the district court in our view did not err.

Aaacon's arbitration clause has been the subject of much litigation. We recognize that the arbitration clause has been upheld by several federal district courts when under attack on the same grounds urged here for invalidity. We further recognize that the Second and Third Circuits have affirmed judgments of trial courts upholding the very arbitration clause here under consideration. *Aaacon Auto Transport, Inc. v. Jacobson,* 475 F.2d 1394 (3d Cir. 1973) and *Aaacon Auto Transport, Inc. v. Levine,* 456 F.2d 1335 (2d Cir. 1972). Both, however, were affirmed in open court without an opinion, and accordingly are of little help. We are much more persuaded by the recent opinion of the Second Circuit in *Aaacon Auto Transport v. State Farm Mut. Auto. Ins.,* 537 F.2d 648 (2d Cir. 1976), *cert. denied,* —— U.S. ——, 97 S.Ct. 742, 50 L.Ed.2d 754. In this latter case the Second Circuit in a well reasoned opinion held that Aaacon's arbitration clause was invalid under the so-called Carmack Amendment to the Hepburn Act of 1906, 49 U.S.C. § 20(11), and was invalid for the further reason that

the arbitration clause had been rejected by the Interstate Commerce Commission and was thus void under 49 U.S.C. § 317(a). We agree with the Second Circuit on both counts.

Section 20(11), Title 49, U.S.C., provides that an interstate common carrier, such as Aaacon, shall be liable to the shipper for damage done by it to the property received for transport and that no contract or other "limitation of any character" shall exempt such common carrier from such liability. That section further provides that such common carrier shall be liable for the full actual loss, "notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; *and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void. . . ."* (Emphasis added.) Section 20(11) has been made expressly applicable to common carriers by motor vehicle. See 49 U.S.C. § 319.

■ Aluminum contends that the arbitration clause in the bill of lading issued it by Aaacon is an attempt by Aaacon to limit its liability by requiring Aluminum to arbitrate its claim against Aaacon in New York City and that such limitation is "unlawful and void" under § 20(11). We agree.

No good purpose would be served by expounding at length our reasons for concluding that the arbitration clause in Aaacon's bill of lading constitutes an impermissible limitation on its liability to Aluminum. The Second Circuit in *State Farm* reviewed carefully the legislative history involved and concluded that Aaacon's arbitration clause was invalid under § 20(11). We agree with the result reached in *State Farm* and subscribe to the court's reasoning. The following language from *State Farm* is particularly pertinent:

> It is sufficient to point out that Aaacon could not conceivably contract with its customers to provide that suits could not be brought against it except in a New York City court. Why, therefore, should

it be permitted to arrive at the same result by providing that no suit at all should be brought but that a claim must be "settled by arbitration" in New York City?

Having concluded that Aaacon's arbitration clause is unlawful and void under § 20(11), we need not consider whether the clause is also void under 49 U.S.C. § 317(a). However, like the Second Circuit in *State Farm*, it is our understanding, notwithstanding Aaacon's protestations to the contrary, that Aaacon's arbitration clause has in fact been rejected by the Interstate Commerce Commission and is therefore also void under 49 U.S.C. § 317(a).

In a final effort to reverse the judgment entered against it in the federal district court for the Western District Court of Oklahoma, Aaacon claims that Aluminum failed to show that the Lincoln Continental was ever actually delivered to Aaacon; that Aluminum failed to prove its damages; and that by Aluminum's acceptance of $100 from Aaacon there was accord and satisfaction. These arguments border on the specious. Suffice it to say the record is such as to show that the automobile was in fact delivered to Aaacon and that the latter's driver in a one-car accident in Oklahoma totally demolished the car when he fell asleep and drove off the highway while driving 85 miles per hour.

It is true that Aluminum's insurer paid Aluminum for its loss, less the $100 deductible provided for in its policy of insurance. As indicated above, Aaacon paid, and Aluminum accepted, $100 to cover the amount of the deductible. The trial court recognized the $100 payment by reducing Aluminum's claim in the sum of $100. However, the record as made in the trial court was woefully insufficient and would not have supported a finding that there was accord and satisfaction. In this court Aaacon filed briefs totaling 116 pages, and devoted but one short paragraph to the defense of accord and satisfaction. This particular matter was not fully developed either in the trial court or here.

Judgment affirmed.