OTT, Judge.
Appellant obtained judgment against ap-pellee, a Florida corporation, in a contested action in a New York federal court, and then filed on the judgment in the court below. However, in addition to requesting a Florida judgment on the New York award, appellant also included a creditor’s cause of action for appointment of a receiver to marshal appellee’s assets.
Appellee answered the complaint and set up certain alleged defenses to the suit on the New York judgment. Appellant then registered the foreign judgment in the District Court for the Middle District of Florida and obtained a writ of execution, which the marshal returned unsatisfied. Appellee then obtained an order from the court below temporarily enjoining appellant from taking further proceedings in the Florida Federal Court insofar as they might affect appellee’s assets. We note that upon learning of the pendency and nature of the state court action, the Florida District Court entered its own order deferring to the state court jurisdiction.
We affirm the order of the trial court. We think appellant’s action is at least quasi in rem, and that the state court therefore acquired exclusive jurisdiction over the creditor’s assets with power to shield them from forays originating in all other forums, including federal. Donovan v. Dallas, 377 U.S. 48, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). Appellant chose the forum and the type of proceedings. He now must bide the orderly progression of that suit to its resolution.
However, nothing contained herein shall be interpreted as an expression of opinion on either the availability or the validity of appellee’s so-called defenses to the enforcement of appellant’s New York judgment.
The order appealed from is AFFIRMED.
SCHEB, C. J., and GRIMES, J., concur.