H. H. SUMRALL, Jr., etc.,
Plaintiff–Appellee,

v.

Shearn MOODY, Jr.,
Defendant–Appellant.

PROTECTIVE LIFE INSURANCE
COMPANY, a corporation,
Plaintiff–Appellee,

v.

Shearn MOODY, Jr.,
Defendant–Appellant.

No. 79–1034.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1980.

William H. Mills, Birmingham, Ala., for defendant–appellant.

William A. Robinson, Birmingham, Ala., for Protective Life Ins. Co.

James W. Webb, Montgomery, Ala., for H. H. Sumrall, Jr.

Before BROWN, HENDERSON and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

On petition for Rehearing and Rehearing En Banc Moody asserts that our opinion "has expanded the *Donovan* [*v. Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409] exception to any case which affects a pending in rem proceeding rather than confining it to cases where the second action seeks jurisdiction or control over the same property or res. The authorities on which the in rem exception are based limit its applicability to cases where two courts are competing for possession or control of the same property or res. See *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935)."

Accepting this abbreviated statement we are convinced that the Federal Court *Allmon* suit did just that.

In that case the holder of an Empire Special Executive Plan insurance policy, sued Bookout,[1] individually and as Commissioner of Insurance for the state of Alabama, and as Receiver of Empire Life Insurance Company of America and also the Alabama Circuit Judge, the Special Assistant to the Judge, Protective Life Insurance Co. and five individuals.

In four counts covering the Sixty–seven paragraphs the pleading complained of fraud and illegal, unconstitutional action by the defendants in bringing about the receivership of Empire, the appointment of Bookout as Receiver and the subsequent liquidation of Empire by a reinsurance agreement with Protective. The complaint also attacked the constitutionality of §§ 623, 631 and 634, Title 28A, Alabama Code, providing for a receivership and appointment of the Commissioner as Receiver as well as § 748, Title 28A, Alabama Code.

But it was the prayer for relief which indelibly marked the real nature and purpose of the action.

Brought as it was against the appointed Receiver it requested the Court to declare unconstitutional §§ 623 at 631, Title 28A, Alabama Code on the basis of which the

---

1. Succeeded by H. H. Sumrall now substituted by Tharpe Foresster, F.R.App.P. 43, as the current Commissioner and Receiver of Empire.

receivership was sought and the Receiver appointed. A declaration or injunction would have destroyed the receivership, and obviously, the Receiver's possession and control of all assets of Empire. The prayer sought injunction against the Receiver, the Circuit Judge (and others) enforcing, executing, administering or giving effect to §§ 623, 631.

The prayer also sought injunction restraining the Receiver (and others) from liquidating Empire, enforcing the reinsurance treaty with Protective, and as a climax, restraining the enforcement or carrying out of any order or judgment in case No. 171–687, *Alabama ex rel. Bookout v. Empire.* Heeding such injunction, if granted as sought, the receivership would have been terminated, and possession of all assets of Empire would have been taken away from the Receiver.

Added, as a clincher, the prayer expressly, in the *alternative* to such sweeping injunctive order, sought money damages. Tested as it must be, by the nature and kind of relief which would be granted (or grantable) if the plaintiff were successful this suit was in hostile competition with the Receiver to wrest control and possession of Empire's assets and the Alabama orderly administration of the receivership out of the hands of the Receiver and Alabama Receivership Court.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Petition for Rehearing En Banc is DENIED.