Kelly BROUSSARD, Jim Stephens, Mark Zuckerman, Arnold Fischthal, John Hagar, Sal Lobello, Vincent Matera, Denis and Mary Ann Wickham, Ralph Yarusso, and Kenex Corp., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

MEINEKE DISCOUNT MUFFLER SHOPS, INC., New Horizons Advertising, Inc., GKN Parts Industries Corp., GKN, PLC, Ronald Smythe, Gene Zhiss, and Ted Pearce, Defendants.

No. 3:94–CV–255–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 12, 1995.

Thomas J. Ashcraft, Charlotte, NC, Morton Lee Susman, Weil Gotshal & Manges, Houston, TX, and James J. McCabe, John J.

Soroko, Elise E. Singer, and Wayne A. Mack, Jr., Duane, Morris & Heckscher, Philadelphia, PA, for plaintiffs.

Fred T. Lowrance, I. Faison Hicks, Parker, Poe, Adams & Bernstein, Charlotte, NC, Erik B. Wulff, Ellen R. Lokker, John F. Dienelt, Reed, Smith, Shaw & McClay, Washington, DC, Victor S. Friedman, Fried, Frank, Harris, Shriver & Jacobson, New York City and Michael Kuhn, Bracewell & Patterson, Houston, TX, for defendants.

### *ORDER*

ROBERT D. POTTER, Senior District Judge.

This matter is before the Court on the Defendants' motion for an anti-suit injunction, filed August 31, 1995. The Plaintiffs[1] filed a response on September 29, 1995 and the Defendants replied on October 5, 1995. The Court held a hearing on this motion on October 10, 1995.

On May 11, 1995 the Court certified the class of all Meineke franchisees operating at any time during or after May of 1986. This action is a mandatory class action certified under Rule 23(b)(1)(B) and 23(b)(2).

On July 26, 1995 several Meineke franchisees from the Detroit, Michigan area (the Beyer Plaintiffs) filed an action against Meineke in a Michigan state court. The Defendants, believing that the Beyer action raises class claims and amounts to an unauthorized opt out, seek to enjoin the Beyer Plaintiffs specifically—and all class members generally—from filing duplicative actions in other fora.

 This Court will not enjoin the prosecution of the Beyer action because the Anti–Injunction Act precludes an anti-suit injunction. The Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its Judgments.

28 U.S.C. § 2283. "[The] Act is an absolute prohibition against enjoining state court pro-

[1] The response was filed by counsel for the Beyer Plaintiffs with the consent of class counsel.

ceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). The Defendants argue that the requested injunction is justified under the "necessary in aid of its jurisdiction" exception. The Court disagrees. "The Rule is well established that where federal and state courts have concurrent jurisdiction over actions involving identical issues and both are *in personam* the actions may proceed simultaneously and neither court may enjoin the other proceeding." *St. Paul Fire and Marine Insurance Co. v. Lack*, 443 F.2d 404 at 407 (4th Cir.1971) (Citing *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922)).[2] Moreover, "[a]ny doubt as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 implies as much, and the fundamental principles of a dual system of courts leads inevitably to that conclusion." *Atlantic Coast Line* 398 U.S. at 297, 90 S.Ct. at 1748.

■ Therefore, the Anti–Injunction Act prohibits this Court from staying the Beyer action because the Beyer action is a pending *in personam* action in a State Court—even though it may be duplicative of the class action.[3]

■ However, the Anti–Injunction Act does "not preclude injunctions against the institution of state court proceedings, but only bar[s] stays of suits already instituted." *Dombrowski v. Pfister*, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 1119 n. 2, 14 L.Ed.2d 22

(1965). Accordingly, the Court finds that it has the authority to enjoin the class members from instituting any action that concerns issues raised in the class action.[4] Moreover, the Court finds that such an injunction is warranted in this case to effectuate the mandatory nature of the class action.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion for an anti-suit injunction be, and hereby is, **GRANTED in part and DENIED in part** in accordance with this Order.

**IT IS FURTHER ORDERED** that all persons or entities throughout the United States that were Meineke franchisees operating at any time during or after May of 1986 be, and hereby are, **ENJOINED** from instituting any action whatsoever concerning administration of the Weekly Advertising Contributions (WAC) account.

**2.** The *Lack* Court noted that *American Ins. Co. v. Lester*, 214 F.2d 578 (4th Cir.1954) upheld an anti-suit injunction in an *in personam* action. However, the *Lack* Court questioned the correctness of this ruling and limited *Lester* to its facts.

**3.** The Court declines to consider whether the Beyer action is in fact duplicative of the Class action. This is a determination that should be made by the Michigan Court when it considers whether to stay the Beyer action.

**4.** The Defendants argue that the May 11, 1994 class certification acts is a *de facto* injunction

against duplicative actions. Therefore, conclude the Defendants, because the Beyer action was filed subsequent to the May 11, 1994 class certification Order, the anti-injunction act is inapplicable to the Beyer action.

However, the Court's May 11, 1994 class certification Order—although certifying a mandatory class—does not act as an injunction: the expressly conditional Order is not final and it contains no injunctive language as required by Rule 65. Accordingly, the Anti–Injunction Act is clearly applicable to the Beyer action.