ROTH, Circuit Judge,
dissenting:
I agree with the majority’s conclusion that the district court improperly terminated the interpleader proceedings, mistakenly believing that all federal claims had been dismissed. Unlike the majority, however,. I am of the opinion that, after concluding that jurisdiction was proper under 28 U.S.C. § 1335 and dismissing the stakeholder from future liability, the district court was obligated to adjudicate the remainder of the inter-pleader proceeding. I therefore respectfully dissent.
The majority opinion concludes that the broad discretionary standard enunciated by the Supreme Court in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), should be applied in this case. I disagree. Having completed the first stage of this interpleader proceeding, the district court was obligated to entertain the second stage of the proceeding, abstaining in favor of parallel state court proceedings only if exceptional circumstances required. Thus, I would hold that the appropriate standard to apply in this ease is the “exceptional circumstances” test established by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).
I believe that the majority misinterprets the recent Supreme Court decision in Wilton v. Seven Falls Co., — U.S. -, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). In my opinion, Wilton restricts the application of Brillhart’s discretionary standard to actions brought under the Declaratory Judgment Act or similar statutes giving district courts express discretionary jurisdiction. Id. at ——, 115 S.Ct. at 2142. Beyond the declaratory judgment context and in the absence of express language granting jurisdictional discretion, however, federal courts have a “virtually unflagging obligation ... to exercise the jurisdiction given them” by Congress. Id.; Colorado River, 424 U.S. at 817-18, 96 S.Ct. at 1246-47. Because this case clearly falls outside of the declaratory judgment context and because there is no statutory indication that there is a discretionary character to the second stage of an interpleader proceeding, Brillhart’s broad discretionary standard should not be applied in this case.
In Wilton, the Court acknowledged that the suggestion “that Brillhart might have application beyond the context of declaratory judgments was rejected by the Court in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).” Wilton, — U.S. at *384 -, 115 S.Ct. at 2142. The Declaratory Judgment Act “has been understood to confer on federal courts unique and substantial discretion,” id. (emphasis added), because it provides .that a court “may declare the rights and other legal relations of any interested' party seeking [a] declaration.” 28 U.S.C. § 2201(a) (1988 Ed., Supp. V) (emphasis added). It is clear from the language of the Act that Congress intended federal courts to have discretion when deciding whether to hear actions involving declaratory relief.
Section 1335, however, contains no language indicating that Congress intended courts to have such jurisdictional discretion when adjudicating interpleader proceedings. On the contrary, section 1335(a) provides that “[t]he district courts shall have original jurisdiction of any civil action of interpleader....”[1] 28 U.S.C. § 1335(a). Section 1335 was intended to allow more parties to bring interpleader actions in federal courts by broadening the availability and the nature of relief. Congress therefore minimized diversity requirements, lowered the required amount in controversy, and provided for nationwide service of process. 28 U.S.C. §§ 1335(a) & 2361; see 3A MOORE’S FEDERAL PRACTICE' ¶ 22.11 (1995). Nothing in prior Supreme Court decisions allows this court to carve out a discretionary niche based on the equitable nature of interpleader relief where Congress has clearly expressed its desire to provide a federal forum for diverse litigants. “ ‘[I]t was never a doctrine of equity that a federal court shoúld exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.’” Colorado River, 424 U.S. at 813-14, 96 S.Ct. at 1244 (quoting Alabama Pub. Serv. Comm’n v. Southern Ry. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951)).
Abstention in favor of the state court proceeding is particularly disconcerting in this case because the federal proceeding was well underway. Indeed, as discussed in the majority opinion, the first stage of the proceeding had been entirely completed: the com-, plaint was filed and answered, the court found that the jurisdictional requirements had been met and dismissed NYLife Distributors from the ease and from any future liability. The only thing remaining for the court to do was to resolve the dispute between the claimants for the interpleaded fund.
The federal court clearly had priority over this case. Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 940 (“[Pjriority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions”). “It has been held ... that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts[.]” Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246-47 (citing Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280-81, 83 L.Ed. 285 (1939); United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331 (1936)). Thus, because the federal proceedings were clearly “prior” to the state action, dismissing the federal claims seems all the more like an unjust abdication of the court’s duty to exercise jurisdiction granted.
I dissent from the majority’s opinion because it effectively reads diversity jurisdiction out of the interpleader statute whenever a similar action is pending in a state court. As with jurisdiction grantéd under the diversity statute, once a case is properly commenced in a federal court, the case should stay there unless there is a recognized reason for abstention or transfer. I am disturbed by what I construe as the judicial destruction of a eongressionally created federal remedy. In my opinion, allowing courts broad authority to decide when to abstain from exercising jurisdiction clearly granted by Congress is an inappropriate exercise of judicial authority.
I would apply the more narrow Colorado River test here in order to adequately uphold federal jurisdiction and the purposes of the *385 law.[2] If Congress desires federal courts to have broad discretion to abstain from resolving disputes brought under the interpleader statute, then Congress, not this court, should make its desire clear by clarifying the language of the statute.

. While X agree with the majority's characterization of section 1335(b), I believe that the word ''shall” in section 1335(a) cannot be ignored merely because its use by Congress is "typical,” as suggested by the Opinion. Op. at 381, n. 10.

. I believe that this court may apply the exceptional circumstances test without remanding the issue to the district court given the adequacy of the record in this case. The Supreme Court has articulated a non-exclusive list of factors relevant to a determination of whether exceptional circumstances exist. That list includes: "the assumption by either court of jurisdiction over a res, the relative convenience of the fora, avoidance of piecemeal litigation, the order in which jurisdiction was obtained by the concurrent fora, whether and to what extent federal law provides the rules of decision on the merits, and the adequacy of state proceedings.” Wilton, - U.S. at -, 115 S.Ct. at 2142. Balancing these factors "heavily weighted in favor of the exercise of jurisdiction,” Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983), I would hold that the district court improperly abstained and should have exercised its jurisdiction by completing the adjudication properly commenced in federal court.