# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN E. SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2021-0634-LWW |
| | ) | |
| COGNIZANT TECHNOLOGY | ) | |
| SOLUTIONS CORPORATION, a | ) | |
| Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Date Submitted: January 12, 2022
Date Decided: March 25, 2022

Bartholomew J. Dalton and Michael C. Dalton, DALTON & ASSOCIATES, P.A., Wilmington, Delaware; Adam Balick and Michael Collins Smith, BALICK & BALICK, LLC, Wilmington, Delaware; *Counsel for Plaintiff Steven E. Schwartz*

David E. Ross and Anthony Calvano, ROSS ARONSTAM & MORITZ LLP, Wilmington, Delaware; J. Christian Word, LATHAM & WATKINS LLP, Washington, DC; Luke Nikas, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; William A. Burck and Ben A. O'Neil, QUINN EMANUEL URQUHART & SULLIVAN, LLP; *Counsel for Defendant Cognizant Technology Corporation*

**WILL, Vice Chancellor**

The plaintiff, a former officer of Cognizant Technology Solutions Corporation, asks this court to enjoin Cognizant from pressing fraud claims against a law firm representing the plaintiff in other matters. The plaintiff previously sought advancement in this court after Cognizant had accused the firm of fraudulent billing practices and stopped advancing the firm's fees. In April 2020, the court entered an order largely in the plaintiff's favor. Cognizant has since honored its advancement obligations.

In July 2021, Cognizant again accused the plaintiff's counsel of fraudulent billing practices and sued that counsel in New York federal court, invoking diversity jurisdiction. The plaintiff subsequently filed the present action, seeking an anti-suit injunction and a finding of civil contempt. Meanwhile, his counsel has moved to dismiss the New York federal action on grounds including *forum non conveniens* because the plaintiff's indemnification agreement contained a Delaware forum selection provision.

For the reasons explained in this opinion, I deny the plaintiff's motion for an anti-suit injunction. It is well settled that a state court lacks the power to enjoin a party from proceeding with *in personam* litigation in a federal court that has jurisdiction. The plaintiff asserts that this case is different because of the potential application of a Delaware forum selection provision. But the New York federal

1

court—not this court—must determine whether it is a proper forum for Cognizant's fraud claims.

I also decline to hold Cognizant in contempt. The plaintiff has not identified any violation of this court's advancement orders that could support such relief.

## I.  BACKGROUND

The plaintiff, Steven E. Schwartz, is the former Executive Vice President, Chief Legal and Corporate Affairs Officer of defendant Cognizant Technology Solutions Corporation (the "Company").[1] Cognizant is an American multinational information technology services and consulting company headquartered in Teaneck, New Jersey and incorporated in Delaware.[2]

Schwartz and Cognizant signed an Indemnification Agreement on June 4, 2013 that requires Cognizant to advance legal expenses incurred by Schwartz by reason of the fact that he was a Cognizant officer.[3] The Indemnification Agreement contains a Delaware forum selection provision:

> This Agreement and the legal relations among the parties shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without regard to its conflict of laws rules. Except with respect to any arbitration commended by Indemnitee

---

[1] Verified Compl. for Inj. Relief ("Compl.") ¶ 4 (Dkt. 1).

[2] Cognizant, *About Cognizant*, https://www.cognizant.com/us/en/about-cognizant (last visited March 24, 2022).

[3] Pl.'s Opening Br. Ex. C ("Advancement Compl.") ¶ 3 (Dkt. 29); Compl. Ex. G ("Indemnification Agreement") § 10 (Dkt. 2).

pursuant to Section 14(a) of this Agreement, the Company and Indemnitee hereby irrevocably and unconditionally (i) agree that any action or proceeding arising out of or in connection with this Agreement shall be brought only in the Delaware Court, and not in any other state or federal court in the United States of America or any court in any other country [and] (ii) consent to submit to the exclusive jurisdiction of the Delaware court for purposes of any action or proceeding arising out of or in connection with this Agreement . . . .[4]

## A. Schwartz Is Investigated and Cognizant Begins Advancement Payments.

In April 2016, Cognizant began investigating potential internal violations of the Federal Corrupt Practices Act (the "FCPA") involving alleged bribery payments to government officials in India.[5] Schwartz initially led the investigation.[6] He was removed from that role in August 2016 when Cognizant learned that he may have been involved in unlawful conduct.[7]

In September 2016, Cognizant reported certain findings from its internal investigation to the Department of Justice and the Securities and Exchange Commission, and each began its own investigation.[8] Schwartz retained counsel and

---

[4] Indemnification Agreement § 23.

[5] Advancement Compl. ¶ 21.

[6] *Id.* ¶ 22.

[7] *Id.* ¶ 23.

[8] *Id.* ¶ 25.

3

resigned soon after.[9]  The Company acknowledged its obligation to advance fees to Schwartz's counsel in connection with the investigations in late October 2016.[10]

**B.      Cognizant Stops Advancement Payments and Schwartz Sues.**

In the summer of 2018, Schwartz hired Jeremy Bohrer and Bohrer PLLC (together, "Bohrer") and Paul, Weiss, Rifkind, Wharton & Garrison LLP to represent him in the DOJ and SEC investigations.[11]  Cognizant initially expressed reluctance to advance fees to Bohrer but agreed to advance the fees after Schwartz's counsel certified by affidavit that the expenses were reasonable.[12]

On February 14, 2019, the Department of Justice indicted Schwartz in the United States District Court for the District of New Jersey for alleged violations of the FCPA.[13]  The Securities and Exchange Commission filed a civil enforcement action against Schwartz the next day.[14]  Schwartz was also named as a defendant in a securities fraud class action and two stockholder derivative actions.[15]

---

[9] *Id.* ¶¶ 24, 29.

[10] *Id.* ¶ 28.

[11] *Id.* ¶¶ 1, 33-34.

[12] *Id.* ¶¶ 38-42; *see* Indemnification Agreement §§ 2(g), 10.

[13] Advancement Compl. ¶ 43; *see United States v. Coburn*, No. 19-cr-120 (D.N.J.).

[14] *See S.E.C. v. Coburn*, Civ. No. 19-cv-5820 (D.N.J.).

[15] *See* Compl. ¶ 14; *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, No-16-cv-6509 (D.N.J.); *In re Cognizant Tech. Sols. Corp. Deriv. Litig.*, No. 17-cv-1248 (D.N.J.).

In November 2019, the Company informed Schwartz that it would discontinue advancing fees to Bohrer based on its suspicions that Bohrer's fees were unreasonable and, in some cases, fraudulent.[16] Schwartz responded by filing an advancement action in this court on December 16, 2019.[17]

## C. Cognizant Is Ordered to Continue Advancement Payments.

Schwartz moved for summary judgment, which Chancellor Bouchard granted in part on April 7, 2020. The court found that the Indemnification Agreement required Cognizant to continue advancing fees for Bohrer's services because "the conclusive presumption [of reasonableness] in the indemnification agreement applies to the invoices of the Bohrer firm at issue [t]here."[18] An order implementing the court's summary judgment ruling was entered on April 17, 2020 (the "Implementing Order").[19] The parties subsequently reached an agreement to settle the remaining issues in the case. On September 22, 2020, the court entered an order dismissing the action (the "Dismissal Order") and retaining jurisdiction to enforce the Implementing Order.[20]

---

[16] *See* Advancement Compl. ¶¶ 44-46.

[17] C.A. 2019-1004-CB, Dkt. 1.

[18] C.A. 2019-1004-CB, Dkt. 54 at 23-24. Chancellor Bouchard did not require Cognizant to advance fees to Bohrer with the respect to the use of its contract attorneys. *Id.* at 25-29.

[19] C.A. 2019-1004-CB, Dkt. 53.

[20] C.A. 2019-1004-CB, Dkt. 82.

## D.    The Federal Action and This Litigation

On June 16, 2021, Cognizant filed a lawsuit in the United States District Court for the Southern District of New York against Bohrer (the "SDNY Action").[21] Cognizant alleged that Bohrer had engaged in fraud and civil conspiracy and was unjustly enriched with regard to the firm's billing practices.[22]  Bohrer moved to dismiss or stay the SDNY Action on grounds including *forum non conveniens* given the forum selection clause in the Indemnification Agreement.[23]  That motion is currently pending.[24]

On July 21, 2021, Schwartz filed an action in this court seeking an anti-suit injunction and an order holding Cognizant in civil contempt for violating the court's Implementing and Dismissal Orders.[25]  Schwartz moved to expedite the proceedings, which I denied on August 23, 2021 for failure to demonstrate irreparable harm.[26]  On October 18, 2021, Schwartz filed a Motion for Anti-Suit Injunction and Civil Contempt.[27]  After briefing, oral argument was held on January 12, 2022.[28]

---

[21] *Cognizant Tech. Sols. Corp. v. Bohrer PLLC*, Civ. No. 1:21-cv-05340 (S.D.N.Y).

[22] *See* Compl. 2; Pl.'s Opening Br. Ex. I.

[23] Pl.'s Opening Br. Ex. AA at 8-12.

[24] *See* Pl.'s Opening Br. Exs. AA, BB, CC.

[25] Dkt. 1.

[26] *See* Dkt. 24.

[27] Dkt. 29.

[28] Dkt. 44.

## II.    LEGAL ANALYSIS

Schwartz asks this court to enjoin Cognizant from prosecuting its claims in the SDNY Action and to hold the Company in civil contempt for filing that action. I first evaluate the plaintiff's request for an anti-suit injunction before considering his contempt arguments.

### A.    The Anti-Suit Injunction Motion

"Black letter principles of law recognize that an anti-suit injunction is appropriate (1) to address a threat to the court's jurisdiction; (2) to prevent evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation."[29]  Schwartz's arguments primarily fall into the first and second categories.  He argues that the SDNY Action violates the Delaware forum provision in the Indemnification Agreement and this court's jurisdiction.

I need not reach those arguments.  Simply put, this court cannot grant the anti-suit injunction Schwartz seeks.  As the United States Supreme Court explained in *Donovan v. City of Dallas*, it is a "well-established judicially declared rule that state

---

[29] *In re TransPerfect Glob., Inc.*, 2019 WL 5260362, at *14 (Del. Ch. Oct. 17, 2019) (quoting *In re Liquidation of Freestone Ins. Co.*, 143 A.3d 1234, 1249 (Del. Ch. 2016)) (internal quotations omitted).

7

courts are completely without power to restrain federal-court proceedings in personam actions" where the federal court has jurisdiction.[30]

In *Donovan*, the plaintiffs brought a class action in Texas state court that sought to enjoin the City of Dallas from building an airport runway and issuing municipal bonds for that purpose.[31] After losing in state court and exhausting their appeals, the plaintiffs filed an action seeking similar relief in the United States District Court for the Northern District of Texas.[32] The City of Dallas filed a motion to dismiss in federal court but also successfully applied to the Texas state court for a writ of prohibition barring the federal plaintiffs from prosecuting their action.[33] The United States Supreme Court granted certiorari and subsequently reversed the Texas Supreme Court, finding that the state court was "without power" to enjoin the plaintiffs from invoking their right to prosecute the federal court action.[34]

---

[30] *Donovan v. City of Dallas*, 377 U.S. 408, 412-13 (1964); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.24 (1983) (noting that the state court's injunction could not prevent a litigant from filing or prosecuting a lawsuit in the federal court); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1838 (3d ed.) ("[T]he [United States] Supreme Court has held that a state court is without authority to enjoin the prosecution of a concurrent federal action.").

[31] *Donovan*, 377 U.S. at 408-09; *see also Gen. Atomic Co. v. Felter*, 434 U.S. 12, 12 (1977) ("It is therefore clear from *Donovan* that the rights conferred by Congress to bring *in personam* actions in federal courts are not subject to abridgment by state-court injunctions, regardless of whether the federal litigation is pending or prospective.").

[32] *Donovan*, 377 U.S. at 409.

[33] *Id.* at 409-10.

[34] *Id.* at 413-14 (explaining that the Texas state court lacked that power regardless of whether "the prohibition . . . was addressed to the parties rather than to the federal court itself"); *see Gen. Atomic*, 434 U.S. at 17 ("Donovan presented as compelling a case as there

8

That rule was reiterated by the United States Supreme Court in *General Atomic Co. v. Felter*, where the Court held that a New Mexico state court's injunction restraining a party from prosecuting actions in federal court was in "direct conflict" with the Supremacy Clause of the United States Constitution.[35] The Court observed that it was "clear from *Donovan* [that] the rights conferred by Congress to bring *in personam* actions in federal court are not subject to abridgement by state-court injunctions."[36]

This court has consistently followed the doctrine set forth in *Donovan* on the few occasions it has addressed it. In *Malonado v. Flynn*, the Court of Chancery held that a request to order a party to withdraw two motions to dismiss in different federal courts was "without legal foundation, [was] therefore improper, and never should have been filed in this Court."[37] The court explained that "[t]he law has been clearly settled since 1964 when the Supreme Court in *Donovan* . . . held that a State Court cannot enjoin litigants from proceeding in a pending federal in personam action."[38]

In *Paul N. Gardner Defined Plan Trust v. Draper*, the court determined to grant the plaintiffs' request to voluntarily dismiss litigation in Delaware so that they

---

could be for permitting a state court to enjoin the further prosecution of vexatious federal proceedings.").

[35] *Gen. Atomic*, 434 U.S. at 15.

[36] *Id.* at 17.

[37] 1979 WL 4632, at *1 (Del. Ch. Dec. 14, 1979).

[38] *Id.*

9

could become part of proceedings in California state and federal court.[39] The court remarked that it did not "have the power to enjoin a litigant from prosecuting an action *in personam* in a federal court that has jurisdiction over both the parties and the subject matter."[40]

And in *Zeneca, Inc. v. Monsanto Co.*, then-Vice Chancellor Jacobs considered whether to dismiss an action for lack of subject matter jurisdiction where a plaintiff seeking legal relief proposed to amend its pleading to add a claim for injunctive relief.[41] Specifically, the plaintiff sought to enjoin the defendant from interfering with its efforts to register with the United States Environmental Protection Agency.[42] The court dismissed the action on other grounds but noted that even if the plaintiff "could persuasively claim a genuine need for injunctive relief, this Court's power to grant that relief is open to serious question."[43] Citing *Donovan* and *General Atomic*, the court explained that "[i]t is well established that under the Supremacy Clause of the United States Constitution, a state court is without power to enjoin a litigant from

---

[39] 1993 WL 125517, at *4 (Del. Ch. Apr. 8, 1993).

[40] *Id.*

[41] 1996 WL 104254, at *3-5 (Del. Ch. Mar. 7, 1996).

[42] *Id.* at *2.

[43] *Id.* at *4 n.3.

10

litigating a claim in a federal court" where "the right to litigate in a federal court [has been] granted by Congress."[44]

Schwartz does not contend that the federal court lacks jurisdiction over the SDNY Action. He has not cited to any authority where a state court—in Delaware or otherwise—has enjoined a litigant from proceeding with an *in personam* action in a federal court exercising diversity jurisdiction. And this court is aware of none.

The closest authority Schwartz relies on is *Munich American Reinsurance Co. v. Crawford*, where the United States Court of Appeals for the Fifth Circuit found that an Oklahoma state court's injunction of a federal court arbitration order was authorized by a federal statute.[45] But that case does little to advance Schwartz's position. There, the circuit court required the dismissal of an action under a federal statute that granted primary responsibility over the insurance industry to the states and preempted the Federal Arbitration Act, leaving the district court "without the power to compel arbitration."[46] The circuit court was explicit, however, that it was "not saying that a State has the power to enjoin a party generally from pursuing

---

[44] *Id.* For the sake of completeness, I note that *Donovan* was also cited by this court, without discussion, in *Sinclair Can. Oil Co. v. Great N. Oil Co.*, 233 A.2d 746, 751 (Del. Ch. 1967).

[45] 141 F.3d 585, 595-96 (5th Cir. 1998).

[46] *Id.* at 596.

federal remedies in federal court" or "that Oklahoma law divested the district court of its diversity jurisdiction."[47]

In this case, no federal statute empowers this court to grant the requested anti-suit injunction. Schwartz asserts that the court can nonetheless enjoin Cognizant from prosecuting the SDNY Action because the parties "waived federal jurisdiction" over claims arising from the Indemnification Agreement by agreeing to a Delaware forum provision.[48] In *M/S Bremen v. Zapata Off-Shore Company*, however, the United States Supreme Court held that a forum selection clause does not "oust" a federal district court of its subject matter jurisdiction over an action.[49] Instead, a forum selection clause presents a question of whether a "court should . . . exercise[] its jurisdiction to . . . give effect to the legitimate expectations of the parties."[50]

---

[47] *Id.* at 595.

[48] Mot. for Anti-Suit Inj. Hr'g Tr. Jan 12, 2022, at 13 (Dkt. 44); *see* Pl.'s Opening Br. 51-54. The plaintiff cites to *Murakami v. E.L. DuPont De Nemours & Co.* to argue that a state court can enjoin a party from prosecuting a federal action when "a forum selection clause may bar federal jurisdiction." 191 F.3d 460 at *3 (9th Cir. 1999) (TABLE). In *Murakami*, a state court did not enjoin plaintiffs from litigating a claim in federal court. Instead, the court held that the plaintiffs had plausibly claimed that the defendant improperly removed the action to federal court because an operative forum selection provision mandated that litigation be filed in Hawaii state court. *Id.*

[49] 407 U.S. 1, 12 (1972); *Licensed Prac. Nurses, Technicians & Health Care Workers of N.Y, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 402-03 (S.D.N.Y. 2000).

[50] *Bremen*, 407 U.S. at 12.

That is not a question for this court to answer.[51]  It is a matter for the Southern District of New York, where Bohrer has moved to dismiss the SDNY Action on *forum non conveniens* grounds.[52]  That court is "fully capable" of preventing any misuse of the "right to pursue federal remedies and take advantage of federal procedures and defenses in federal actions."[53]

Schwartz's motion for an anti-suit injunction is therefore denied.

## B.      The Civil Contempt Motion

Schwartz also asks that Cognizant be held in civil contempt.  Court of Chancery Rule 70(b) authorizes the court to find a party in contempt for failing "to obey or to perform any order."[54]  "To be held in contempt, a party must be bound by an order, have notice of it, and nevertheless violate it."[55]

---

[51] *See Donovan*, 377 U.S. at 411 ("[W]hether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide.").  This court has previously recognized its inability to enjoin a party from pursuing litigation in federal court, despite the existence of a Delaware forum selection provision.  *See In re Alarm.com, Inc. v. Comcam Int'l, Inc.*, C.A. No. 2017-0012-JRS, at 35-40 (Del. Ch. Feb. 22, 2017) (TRANSCRIPT); *Ford Motor Co. v. Paice, LLC*, C.A. No. 9143-VCP, at 10-15 (Del. Ch. Feb. 11, 2014) (TRANSCRIPT).

[52] Federal courts have enforced forum selection clauses "through the doctrine of *forum non conveniens*." *Lee v. Fisher*, 2021 WL 1659842 (N.D. Cal. Apr. 27, 2021); *see Ocegueda v. Zuckerberg*, 526 F. Supp. 3d 637, 648 (N.D. Cal. 2021) ("Courts enforce a forum-selection clause through the doctrine of forum non conveniens."); *but see Seafarers Pension Plan v. Bradway*, 23 F.4th 714 (7th Cir. 2022).

[53] *Gen. Atomic*, 434 U.S. at 18-19.

[54] Ct. Ch. R. 70(b).

[55] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009).

13

Schwartz contends that the SDNY Action contravenes this court's Implementing and Dismissal Orders in the advancement action. After failing to prevail on its arguments about Bohrer's fees here, he argues that Cognizant raised the same issues in the SDNY Action despite this court retaining jurisdiction to enforce the Implementing Order. He maintains that the facts presented closely parallel those in *In re TransPerfect Global, Inc.*, where the court found a party to be in contempt of an order retaining jurisdiction.[56]

The facts at issue in *TransPerfect* are very different from the present matter. In *TransPerfect*, the court issued an order retaining "continuing and exclusive jurisdiction" over all matters relating to the case, including the interpretation and enforcement of all orders of the court.[57] By contrast, the Dismissal Order entered by Chancellor Bouchard did not retain exclusive jurisdiction over every related matter. It retained jurisdiction solely to enforce the Implementing Order which, in turn, requires Cognizant to advance legal fees to Schwartz as required by the Indemnification Agreement and the Company's bylaws.[58]

Cognizant did not violate the Dismissal Order by filing the SDNY Action. Nor did it "fail to obey" the Implementing Order.[59] Schwartz acknowledges that

---

[56] Pl.'s Opening Br. 53-58; *see TransPerfect*, 2019 WL 5260362, at *1.

[57] *TransPerfect*, 2019 WL 5260362, at *5.

[58] C.A. 2019-1004-CB, Dkts. 53, 82.

[59] Ct. Ch. R. 70(b).

14

Cognizant has continued to advance his fees as required by the Implementing Order. Therefore, this court has no basis to hold Cognizant in contempt.

## III. CONCLUSION

For the reasons explained above, the plaintiff's motion for an anti-suit injunction is denied. The plaintiff's request that Cognizant be held in civil contempt is also denied.