In the Matter of the Claim of FRED ZINSERLING, Respondent, against STATE STORM WINDOW COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The question presented here is whether claimant is an independent contractor or an employee entitled to compensation. The business of the purported employer is making and installing storm windows and screens. Claimant is an "installer" and in doing this work he fell and was injured. A written agreement exists between the parties who are therein described as the "Company" and the "Contractor". In this agreement the claimant undertakes various things, such as doing work as an installer in satisfactory fashion, furnishing material and labor, etc. The company makes no promise to do anything. The agreement is thus unilateral and without consideration. It provides no specific amounts which claimant is to receive for the work he does. That is left to the "regular form of Work Order", a measure not further defined. There is little doubt that the "Company" exercised control over the claimant in the usual way. An officer of the "Company" was asked whether, if the claimant had been working on a job and had not completed it, he would be sent back. The answer is ingenious. The witness said: "we would attempt to show him the advantage of taking another trip in that direction". The actual conversations at the time claimant began his relation with the company suggest that the arrangement had some of the usual aspects of an employer-employee undertaking. The company each day specified the places in which claimant was to install windows; it furnished the windows, bought the nails and screws; its men helped load the equipment in claimant's car. Altogether we regard this record as sufficient to find as a fact, as the board has done, that there was an employer-employee relationship. Besides this, between the time the relationship was originally entered into and the accident, claimant became a regular employee of the company in its shop at a regular wage per week. This is not denied by the company, and the employee status would be presumed to have continued in the absence of a very clear reinstatement of the contractual arrangement, even if that arrangement be deemed to have placed claimant in the position of an independent contractor. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.