In the Matter of the Claim of DOROTHY BARTH, Respondent, *v.* SAL CASSAR, Doing Business as PRONTO CAR SERVICE, Respondent, and UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 27, 1974.

*Martin Bergman* (*Robert Chojnacki* of counsel), for appellant.
*Caruso, Spillane & Ferrugia* for Dorothy Barth, respondent.
*Jacob Newman* for Sal Cassar, respondent.
*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. Claimant's deceased husband was working as a taxi driver for the employer when he was shot and killed by an armed robber during the early morning hours of September 21, 1968. The employer, who was represented by counsel, controverted the claim, contending, *inter alia,* that the assault had been motivated by a personal animosity between the assailant and the decedent, wherefore the death did not arise out of the employment. All issues were fully litigated and resulted in an award to claimant. The only evidence tending to prove that the decedent had been the object of his assailant's personal animosity was uncorroborated hearsay, which we held on appeal to be insufficient to overcome the presumption of accident arising out of the employment which was invoked upon proof that the accident occurred in the course of employment (*Matter of Barth* v. *Cassar,* 38 A D 2d 984, mot. for lv. to app. den. 30 N Y 2d 485). Moreover, there was proof that the assailant and his accomplice had taken money off the decedent's person, and had committed a series of other robberies that same morning.

Ultimately the uninsured employer failed to pay the award, whereupon the appellant Fund was notified that it would have to pay pursuant to section 26-a of the Workmen's Compensation Law. The Fund applied for review of the award on the issue of accident arising out of the employment and other issues which it no longer appears to seriously urge, seeking an opportunity to further develop the record. The board denied this request and a subsequent one because, in its opinion, the record had been voluminously developed. The Fund contends on this appeal that since it has not had an opportunity to litigate the issues, and now seeks to introduce additional evidence, the board's decisions work a deprivation of property without due process of law.

Subdivision 1 of section 26-a provides upon the failure of an employer to pay an award, "then and in such event * * * [unless review or appeal is sought as set forth in the statute] * * * the award shall be payable out of the fund". Thus, the Fund is a creature of statute whose duty to pay an award does not depend upon the making of an award, but only upon the failure to pay an award which has previously been properly rendered, making it in effect a surety. While the board "may review any [such] award, decision or order" upon application of the Fund, it is not required to do so. While the Fund's rights are thus greater than those of a surety insofar as it is given the opportunity to seek review, it is nevertheless not given

any absolute right of review. Rather, whether or not review and other relief, such as an opportunity to in effect relitigate issues, is to be granted, rests in the sound discretion of the board. In our view, that discretion was intended to operate to grant such relief where the employer had not defended the claim or the award was otherwise the result of fraud. In the present case, there is no basis for attacking the integrity of the award, and therefore the board did not abuse its discretion in refusing the board's requests.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

STALEY, JR., J. P., COOKE, KANE and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.