**Michael NIEMCZYK and Margaret Niemczyk, Plaintiffs,**

v.

**COLECO INDUSTRIES, INC., Defendant.**

No. 83–CV–514.

United States District Court, N.D. New York.

March 20, 1984.

Sanford Rosenblum, Albany, N.Y., for plaintiffs; Jon H. Levenstein, Albany, N.Y., of counsel.

Ainsworth, Sullivan, Tracy & Knauf, Albany, N.Y., for defendant; Frank T. Mahady, Albany, N.Y., of counsel.

### ORDER

MUNSON, Chief Judge.

Presently before the court is plaintiffs' motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendant Coleco Industries, Inc. agrees that the discovery request is proper but maintains that it is prevented from complying with the request because of a state court stay currently in effect. For the reasons hereinafter stated the plaintiffs' motion is granted and the defendant is hereby directed to comply with the requests for discovery.

### FACTS

The defendant, Coleco Industries, Inc. [Coleco], is insured by the Ambassador Insurance Company [Ambassador], a Vermont corporation authorized to do business in the State of New York and currently under voluntary rehabilitation. On January 20, 1984, the Hon. Thomas J. Hughes, New York State Supreme Court, County of New York, entered an Order preventing "all persons with lawsuits ... pending in the State of New York against [Ambassador] or persons, partnerships or corporations insured by [Ambassador] ... from proceeding with any trial, court conference, motion or discovery proceeding or from doing any other thing or matter relative to such lawsuit or claims until April 12, 1984 ...." The defendant maintains that this state court stay enjoins it from complying with plaintiffs' discovery request, notwithstanding the fact that the present suit is brought in a federal forum.

### DISCUSSION

American courts are heirs to a longstanding principle that state and feder-

al courts will not interfere with or try to restrain each other's proceedings. While Congress has seen fit to authorize "courts of the United States to restrain [certain] state-court proceedings . . ., it has in no way relaxed the old and well-established judicially declared rule that state courts are completely without power to restrain federal proceedings in *in personam* actions." *Donovan v. City of Dallas,* 377 U.S. 408, 412–13, 84 S.Ct. 1579, 1582–83, 12 L.Ed.2d 409 (1964). Moreover, it is equally well established that a state court cannot enjoin a *person* or corporation from prosecuting an *in personam* action in a federal court which has jurisdiction over the parties and subject matter. As the Supreme Court stated in *General Atomic Company v. Felter,* 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977), "the rights conferred by Congress to bring . . . actions in federal courts are not subject to abridgment by state court injunctions . . . ." *Id.* at 17, 98 S.Ct. at 78–79. *See also Donovan v. Dallas,* 377 U.S. at 413, 84 S.Ct. at 1582–83; *Meridian Investing & Development Corporation v. Suncoast Highland Corporation,* 628 F.2d 370, 372 (5th Cir.1980); *Weisfeld v. Spartains Industries, Inc.,* 58 F.R.D. 570 (S.D. N.Y.1972).

▮ In the instant case the court can find no basis in law or logic for permitting the defendant to hide behind the cloak of a state court stay which expansively restricts lawsuits against third parties who ultimately are insured by a bankrupt corporation.[1] Coleco is a multi-million dollar corporation well equipped to finance its own legal affairs. A corporation is legally obligated to defend suits filed against it irrespective of whether its insurance carrier is legally or financially able to discharge its obligations to it. In the event that Ambassador ultimately fails to reimburse Coleco for its costs and/or liability in this lawsuit, the proper remedy available to Coleco is an action for breach of contract. In any event the contractual relationship between Coleco and Ambassador has no legal effect upon the plaintiffs' right to sue Coleco in the first instance.

Accordingly, it is hereby Ordered that defendant Coleco comply with the plaintiffs' requests for discovery.

---

1. Counsel for both parties believe that the state court stay is applicable to all lawsuits filed in New York State, whether pending in state or federal court. The court believes, however, that a fair reading of the Order is that the stay was only intended to be applicable to state court proceedings. Although the Order expressly refers to lawsuits pending in New York State, it nevertheless denominates specific state court judicial departments for the purpose of effecting notice. Thus, this court will assume that Judge Hughes was aware of the need to limit the stay to actions within the jurisdiction of the New York State courts.