■ In the Matter of the Claim of GARY JEFFRIES, SR., Respondent, v MORRIS M. BERNEY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 22, 1983.

Claimant was awarded compensation for injuries sustained in the employ of Morris Berney, D.D.S., and Berney Realty Corporation by decision dated October 31, 1975. On appeal by the uninsured employer, the Workers' Compensation Board sustained the award by decision filed June 17, 1976. The sole issue on review was that of the employment relationship. Further awards were made in February 1978, which precipitated the employer's request for medical examination by his own expert. Thereafter, in December 1980 and July 1981, the employer requested an opportunity to present new evidence seeking to establish fraud on the part of claimant in obtaining his original benefits. A formal application seeking reopening was presented to the Board on August 27, 1982, which included, *inter alia,* sworn statements of two individuals supporting the claim of fraud on the part of claimant. The Board thereafter reviewed all

material presented by the employer on this occasion, together with the prior voluminous record, and in the decision appealed from herein, affirmed the original findings of an employer-employee relationship and compensable accident. The issue presented on this appeal is whether there is substantial evidence to support the Board's determination.

The employer contends that the Board abused its discretion in failing to hear further testimony related to charges of fraud by claimant on his original application. It should be noted that the grant of an opportunity to relitigate issues previously decided rests in the sound discretion of the Board (*Matter of Barth v Cassar,* 45 AD2d 161, *lv denied* 35 NY2d 642). Here, the Board did reopen the employer's application and considered the allegation of fraud. The mere fact that the Board declined to take further testimony beyond the sworn statements of the proposed witnesses is not an abuse of that discretion. The Board, in its decision, made clear that it reviewed those statements and other documentary evidence submitted by the employer to support its allegation of fraud. Implicit in that decision is the conclusion that it needed no further evidence on the issues of credibility raised and, after a review of the entire record, resolved the issue in favor of claimant. There being substantial evidence to support its decision, the Board must be affirmed (*Matter of Gates v McBride Transp.,* 60 NY2d 670; *Matter of Konstantinakos v Plaza Hotel,* 93 AD2d 927).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.