Cam Xuan TRAN, et ano., Plaintiffs,

v.

**ANTOINE AVIATION COMPANY, INC.,**
**et al., Defendants.**

**No. 85 Civ. 102 (RWS).**

United States District Court,
S.D. New York.

Oct. 31, 1985.

Lawrence N. Weiss, P.C., Randy A. Dusek, New York City, for plaintiffs.

Kroll, Pomerantz & Cameron, New York City, for defendant; Antoine Aviation Co., Robert R. MacDonnell, of counsel.

Harold M. Foster, New York City, for defendant Alphonse Hotel Corp.

OPINION

SWEET, District Judge.

Presently pending before the court are two motions for a stay brought by the defendants Alphonse Hotel Corporation ("Alphonse") and Din Truong Tran ("Din Tran") in this diversity action filed on January 4, 1985, in which plaintiff Cam Xuan Tran ("Cam Tran") seeks damages arising out of an automobile accident. The motions will be granted in part and denied in part as set forth below.

Alphonse and Din Tran are insured by the Union Indemnity Insurance Company of New York ("Indemnity") which is currently in liquidation and as to which a stay was issued by the Honorable Ira Gammerman on July 16, 1985 purporting to stay "all parties to law suits in this state and other states and territories of the United States .. from proceeding with any pretrial

conference, trial, application for judgment, proceeding on judgments or settlements in .. proceedings in which Union Indemnity is obligated to defend a party insured .. for a period of 180 days from the date hereof." *Matter of Union Indemnity Insurance Company of New York*, Index No. 41–292/1985, Supt.Ct.N.Y.Co.

In addition, there is currently pending a proceeding before the Workman's Compensation Board to determine whether or not Cam Tran was an employee of Alphonse at the time of the accident and whether he was acting in the course of his employment. Cam Tran initiated the proceeding which he then discontinued, and Alphonse has now reinstated the action before the Board.

Alphonse and Din Tran appeal to the discretion of the court to determine whether the pretrial order date will be stayed because of the existence of these two proceedings. Therefore, this court must weigh any possible injury to Cam Tran caused by the delay against any possible prejudice to the defendants which might be caused by proceeding with this action despite the presence of the Workman's Compensation Board hearing and the State Court bankruptcy stay.

The effect of a stay on Cam Tran's present condition should be given serious consideration. Cam Tran is a Vietnamese who is paraplegic as a result of the accident which occurred on June 14, 1982, and he is allegedly living in a state of destitution and squalor.

■ As to the Workman's Compensation Board hearing, the balance of interests predominates against Alphonse. Initially coverage was denied, and if coverage is again raised in this action, it will be determined in a fashion presumably binding on the parties in the administrative proceeding. Similarly, any Workman's Compensation Board determination which occurred before our decision would be given *res judicata* effect in this court, *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545 1559–60, 16 L.Ed.2d 642 (1966); *Wickham Contracting*

*Co. v. Board of Education of the City of New York*, 715 F.2d 21, 26 (2d Cir.1983) provided that these findings are made in adjudicatory proceedings where the Board makes discrete findings of fact. *Arizona Grocery Co. v. Atchinson, Topeka & Santa Fe Ry.*, 284 U.S. 370, 52 S.Ct. 183, 76 L.Ed. 348 (1932); *International Telephone and Telegraph Corporation v. American Telephone and Telegraph Company*, 444 F.Supp. 1148, 1158 (S.D.N.Y.1978). The litigants seeking to preclude this court's consideration of an issue or claim will have to demonstrate that the relevant issues were properly before the Workman's Compensation Board and that the parties had full opportunity to litigate these issues. *Whitman Electric v. Local 363, International Brotherhood Electrical Workers AFL–CIO*, 398 F.Supp. 1218 (S.D.N.Y.1974).

■ As to the state court stay, however, the balance of the equities tips in favor of granting the defendants a short pretrial delay. While the state courts have no power to stay the federal court's exercise of its own power, *Donovan v. City of Dallas*, 377 U.S. 408, 412–13, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964); *see also General Atomic Company v. Felter*, 434 U.S. 12, 17, 98 S.Ct. 76, 78, 54 L.Ed.2d 199 (1977), this court will observe the stay as a matter of comity because violating the stay might deprive Alphonse and Din Tran of their bargained-for protection granted under their now cancelled policy. A delay will permit the state courts to determine whether the state's insurance fund will assume the bankrupt insurer's responsibility to defend Alphonse and Din Tran.

While Cam Tran has noted *Niemczyk v. Coleco Industries, Inc.*, 581 F.Supp. 717 (N.D.N.Y.1984), in which a stay was denied under similar circumstances, the court in *Niemczyk* took care to note that "Coleco [defendant] is a multi-million dollar corporation well equipped to finance its own legal affairs." *Id.* at 718. In this case one defendant, Din Tran, is being sued in his personal capacity and may be prejudiced by failure to respect the state court stay. It is of no avail to suggest, as did the *Niemczyk*

Court, that the defendants' interests are protected because of the possibility that they may bring a subsequent breach of contract action against an insurance company already in liquidation proceedings.

All pretrial discovery will be completed and a final pretrial conference will be held on December 18, 1985.

IT IS SO ORDERED.