**José A. VÉLEZ–OLIVERAS, et. al.  Plaintiffs**

**v.**

**ASOCIACIÓN HOSPITAL DEL MAESTRO, INC., et. al. Defendants**

**No.  CIV 01–2732SEC.**

United States District Court, D. Puerto Rico.

March 11, 2002.

Manuel San Juan, San Juan, PR, for Plaintiffs.

Edgardo Pérez–Gutiérrez, Ponce, PR, Roberto Márquez–Sánchez, San Juan, PR, for Defendants.

### OPINION AND ORDER

GELPI, United States Magistrate Judge.

This matter was referred by the Hon. Salvador E. Casellas, U.S. District Judge, via Order of March 5, 2002 requiring, *inter alia,* that the Court ascertain in what capacity this case may proceed in light of the liquidation of PHICO Insurance Company, the medical malpractice insurer for co-defendants Dr. Antonio González Ríos and Asociación Hospital del Maestro, Inc.. *See* Order of Referral (Docket No. 12). These parties have filed Informative Motions asking the Court to "take notice of the Order of Liquidation of the Commonwealth Court of Pennsylvania insofar as it affects this litigation." *See* Docket Nos. 6 and 9. Although neither motion specifically requests a stay of proceedings, both pleadings nonetheless imply that this case should be stayed in light of the Pennsylvania Court's liquidation order. The plaintiffs, in turn, have filed a response, therein opposing the stay of proceedings in this case. *See* Docket No. 10.

The Pennsylvania Court's Order provides for an indefinite stay of all actions in which PHICO is a party or is obliged to defend a party. On March 1, 2002, the Puerto Rico Court of First Instance, San Juan Part (Carmen A. Bravo Cerezo, J.) issued an Order in Civil case number KAC 2002–1283(908), *Comisionado de Seguros de P.R. v. PHICO Insurance Company,* giving full faith and credit to the Pennsylvania court's Order of Liquidation, pursuant to Article 40.210 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 4021, and designating the Insurance Commissioner of Puerto Rico as deputy administrator of PHICO.

The question before the Court is whether the present case must be stayed in light of PHICO's liquidation. Having carefully considered the applicable law and the equities of this case, the Court hold that it should not.

■ At the outset, the Court notes that PHICO is not a party to this case. The plaintiffs have chosen to bring suit solely against the defendants, and not against their insurer. For this reason PHICO's insolvency does not automatically mandate a stay. As the Supreme Court of Puerto Rico made clear in *Ruiz García Y Otros v. New York Department Stores,* 146 D.P.R. 353, 370 (1998), "there is nothing in the pertinent provisions of Chapter 40 of the Insurance Code, that suggests that even the actions only against an insured are also stayed".

■ Moreover, under our system of federalism, a state court simply lacks the power to enjoin a federal court case. *See Baker v. General Motors, Corp.,* 522 U.S. 222, 236 n. 9, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ("This court has held it imper-

missible for a state court to enjoin a party from proceeding in a federal court...."); *Donovan v. City of Dallas*, 377 U.S. 408, 412–13, 84 S.Ct. 1579, 12 L.Ed.2d 409(1964)("state courts are completely without power to restrain federal court proceedings in *in personam* actions"). *See also Gen'l Atomic Co. v. Felter*, 434 U.S. 12, 16–17, 98 S.Ct. 76, 54 L.Ed.2d 199(1977); *Murff v. Professional Medical Ins. Co.*, 97 F.3d 289, 290 n. 2(8th Cir. 1996); *Fragoso v. López*, 991 F.2d 878, 881 (1st Cir.1993). On precisely these grounds, the Chief Judge of this District, Hon. Héctor M. Laffitte, has already refused to stay a case because of PHICO's liquidation. *See Cruz Fernández v. Universal Health Services*, No. 00–2513(HL), Order of February 13, 2002. PHICO's attempt to challenge this ruling via Petition for a Writ of Mandamus was denied by the Court of Appeals for the First Circuit. *See In re: Universal Health Services, Inc. et al.*, No. 02–1174, Order of February 13, 2002.

The defendants have not sought to justify a stay on grounds of abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and have therefore waived this argument. *See Swisher v. Brady*, 438 U.S. 204, 213 n. 11, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978); *United States v. Commonwealth of Puerto Rico*, 144 F.Supp.2d 46, 53 n. 16 (D.P.R. 2001). In any event, given the facts and equities of this case, *Burford* abstention is similarly unwarranted.

■ This case neither requires that the Court "pass on difficult or novel questions of state law", nor "threatens to disrupt state efforts to establish a coherent scheme with respect to the liquidation or administration" of an insolvent insurance company. *Gross v. Weingarten*, 217 F.3d 208, 223 (4th Cir.2000). Furthermore, "*Burford* abstention may be ordered in

insurer insolvency cases only when one of the parties to the action in which the federal court abstains is the insolvent insurer or its receiver, trustee, officers, and the like." *University of Maryland at Baltimore v. Peat Marwick Main & Company*, 923 F.2d 265, 271 (3rd Cir.1991). *See also Niemczyk v. Coleco Industries, Inc.*, 581 F.Supp. 717, 718 (N.D.N.Y.1984)("In the instant case the court can find no basis in law or logic for permitting the defendant to hide behind the cloak of a state court stay which expansively restricts lawsuits against third parties who ultimately are insured by a bankrupt corporation...."); *Frank J. Dalicandro v. Legalgard, Inc. d/b/a Sandenhill, Inc. and Reliance Insurance Co., Inc.*, 2001 WL 1428359 (denying stay as to co-defendant of bankrupt insurance company).

■ This Court has a "virtually unflagging obligation to exercise the jurisdiction given" to it, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821, 96 S.Ct. 1236, 47 L.Ed.2d 483(1976), and may only abstain from exercising its duty in exceptional circumstances. *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 14, 103 S.Ct. 927, 74 L.Ed.2d 765(1983). In the present case, there is no sufficiently compelling reason to depart from this bedrock principle.

In eschewing *Burford* abstention, the Court is also mindful of the equities in this case, which weigh heavily against a stay of proceedings. In his Order of Referral (Docket No. 12), District Judge Casellas indicates that the plaintiffs' request for expedited discovery is "cause for immediate action", given their fragile health and financial limitations. The Court agrees. Plaintiff Isabel Vélez Serrano, age 38, has been hospitalized for more than a year in a vegetative state, with severe brain damage and generalized atrophy. Her employer's medical insurance coverage will soon run

out, and her parents, ages 72 and 69 respectively, are physically, emotionally and financially ill equipped to care for her at home. *See Motion Requesting Expedited Discovery Schedule, Pretrial and Trial Settings* (Docket No. 8). This situation will cause grave hardship, and is likely to accelerate the demise of both Ms. Vélez and her parents. Facing this irreparable harm, the plaintiffs need and deserve the protection of this Court to ensure prompt consideration of the merits of their claim.

In the balance, the Court finds that these important interests significantly outweigh any benefit to be derived by the affected defendants from a stay of proceedings. The stay is meant to provide an opportunity for the Guaranty Association to assume the insolvent insurer's liability, if any, up to a maximum of $150,000.00 per claim. Such opportunity is not foregone, however, by allowing these proceedings to continue. So long as the defendants timely file their claims with the Guaranty Association, they will receive the benefit of full coverage in this case.

In sum, given the facts and circumstances outlined above, the Court finds that a stay is neither mandated as a result of the liquidation of PHICO Insurance Company, nor justified by the equities of this case. Wherefore, defendants' request for a stay of proceedings in this case (Docket Nos.6 and 9) is hereby **DENIED.**

Because the attorneys for co-defendants Dr. Antonio González Ríos and Asociación Hospital del Maestro, Inc. have thus far represented their respective clients by PHICO's designation, they are hereby granted leave to withdraw, and their clients granted thirty (30) days to announce new legal representation.

**SO ORDERED.**