Mulvey, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed August 1, 2014, which, among other things, ruled that claimant was an employee of June Electrical Corporation and awarded workers’ compensation benefits, and (2) from an amended decision of said Board, filed April 8, 2015, which, upon reconsideration, among other things, clarified the Board’s prior decision.
On January 31, 2013, claimant was involved in a flash explosion and sustained significant burns and injury while performing electrical work. Claimant was in a coma for approximately three months following the accident and ultimately passed away on October 8, 2013. In February 2013, a claim was filed in claimant’s name stating that, on January 31, 2013, he was employed as an electrician by June Electrical Corporation (hereinafter JEC) and was working with live wires when a blast occurred, causing burns on 30% of his body and causing him to fall from a ladder. In August 2013, the workers’ compensation carrier filed a notice of controversy, alleging, in relevant part, that no employer-employee relationship existed between claimant and JEC on the date of the accident and that this coverage dispute was currently being litigated in a federal district court.
*1354 At a hearing before a Workers’ Compensation Law Judge (hereinafter WCLJ) on October 16, 2013, which involved, among other things, the issue of the employer-employee relationship, the parties acknowledged that claimant had passed away as a result of his injuries. JEC’s witnesses failed to appear, without explanation or excuse, and the WCLJ precluded them from appearing in the future. Thereafter, in a decision filed October 23, 2013, the WCLJ determined, based on the testimony of claimant’s daughter, Ana Rosa, and the documents contained in the record, that claimant had been injured in the course of his employment with JEC on January 31, 2013. The WCLJ further directed JEC and the carrier to produce payroll records for claimant, but they did not comply. In an amended decision filed November 1, 2013, the WCLJ established the claim and awarded compensation. The carrier appealed the WCLJ’s amended decision to the Workers’ Compensation Board. In a decision filed August 1, 2014, the Board affirmed the WCLJ’s decision and award, held the carrier liable for the claim, and denied the carrier’s application to rescind the award and hold the claim in abeyance pending resolution of the federal action.
On August 7, 2014, the United States District Court for the Southern District of New York entered a default judgment in favor of the carrier, declaring “that, under [the w]orkers’ Compensation . . . [i]nsurance [p]olicy issued by [the carrier] to [JEC] for the period from January 1, 2013 to May 25, 2013, [the carrier] owe[s] no duty to defend, indemnify or provide worker[s’] compensation coverage to [JEC] in connection with the January 31, 2013 accident involving [claimant].”[1] The carrier thereafter applied for reconsideration or full Board review of the Board’s August 1, 2014 decision, arguing that, in view of the subsequently-entered federal judgment, which “should be granted deference and bind the Board under collateral estoppel and res judicata,” the Board “should rescind the coverage finding and return this matter to the [WCLJ] with instruction to place the Uninsured Employers’ Fund on notice.” In an amended decision, filed April 8, 2015, which superseded the August 1, 2014 decision, the Board determined that a full Board review was not warranted, but clarified that “the federal judgment pertaining to the workers’ compensation policy *1355 between the carrier and [JEC] has no collateral estoppel or res judicata effect on the Board,” and otherwise affirmed the prior findings and award. The carrier, JEC and the third-party administrator appeal both decisions of the Board.[2]
We affirm. “The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination must be upheld if supported by substantial evidence” (Matter of Martineau v Ashline, 114 AD3d 1009, 1010 [2014], lv dismissed and denied 23 NY3d 943 [2014] [citations omitted]; see Matter of Brown v City of Rome, 66 AD3d 1092, 1092 [2009]). Further, where, as here, the purported employer or carrier fails to present witnesses or produce evidence as directed, the Board has the authority to preclude such proof and to draw reasonable inferences in favor of the claimant (see Matter of Curtis v Xerox, 66 AD3d 1106, 1108 [2009]; see also Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; cf. Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1043 [2014]). Finally, “[declarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury” (Workers’ Compensation Law § 118; see Matter of Kelly v New York City Tr. Auth., 33 NY2d 373, 376-377 [1974]; Matter of Padilla v New York City Bd. of Educ., 127 AD2d 957, 957-958 [1987], lv denied 70 NY2d 602 [1987]; cf. Matter of Gutierrez v Courtyard by Marriott, 46 AD3d 1241, 1243 [2007]).
Here, Rosa testified that claimant and the superintendent of the building where claimant was working on the day of the incident both told her that he was working for JEC at that time. Rosa further testified that she received a telephone call from a JEC supervisor on that day informing her of the accident. This testimony evidently relied on hearsay and, therefore, required corroboration (see Matter of Angelino v 660 Park Ave. Corp., 28 AD2d 798, 799 [1967]). The C-2 employer’s report of work-related injury/illness filed by a claims adjuster for the carrier lists JEC in the “Employer Information” section, identifies claimant’s job title as “Electrician” and confirms that notice was given to JEC’s president on the same day. A report by a Board investigator shows that claimant’s employment on the date of the accident was confirmed by the JEC president. A pay stub shows withholding of Social Security and income taxes *1356 for the pay period ending January 23, 2013.[3] We find that these records constitute “sufficient corroboration of [Rosa’s] hearsay statements, the statutory corroboration required being not as technical as that at common law, since it may be [satisfied] by ‘circumstances or other evidence’ ” (Matter of Guggenheim v Hedke & Co., 32 AD2d 1017, 1018 [1969], affd 27 NY2d 596 [1970], quoting Workers’ Compensation Law § 118; compare Matter of Comstock v Goetz Oil Corp., 286 App Div 132, 134 [1955]). Accordingly, we find that substantial evidence supports the Board’s determination that claimant was employed by JEC on the date of his injury (see Matter of Malave v Beef & Bourbon, LLC, 114 AD3d 1006, 1007 n [2014]; Matter ofPelaez v Silverstone, 93 AD3d at 1043; Matter of Jeffries v Berney, 108 AD2d 970, 971 [1985]; compare Matter of Nalian v Motion Picture Studio Mechs. Union, Local No. 52, 40 NY2d 1042, 1043-1044 [1976]; Matter of Limpert v Kay-R Elec., 250 AD2d 1005, 1005-1006 [1998]).
The carrier further argues that the Board erred in ignoring the federal judgment, which declared that the carrier had no obligation to provide coverage to JEC in connection with the accident involving claimant. The Board counters that the federal judgment was not entitled to res judicata or collateral estoppel effect because neither the Board nor claimant were parties to the federal action. It is well settled that the doctrines of res judicata and collateral estoppel give no binding effect to the judgment of a court of competent jurisdiction where neither the party against whom the preclusive effect is sought nor those in privity with such a party had a full and fair opportunity to be heard on the issue that was decided in that judgment (see Green v Santa Fe Indus., 70 NY2d 244, 252-254 [1987]; Tamily v General Contr. Corp., 210 AD2d 564, 566-567 [1994]; cf. D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664-665 [1990]). Here, because neither the Board, claimant, nor the Uninsured Employers’ Fund — nor anyone in privity with them — was a party to the federal declaratory judgment action between the carrier and JEC, we find that the Board correctly determined that the default judgment in that action had no collateral estoppel or res judicata effect on the Board’s adjudication of the claim involved in this proceeding *1357 (see Matter of Cruz v New Millennium Constr. & Restoration Corp., 17 AD3d 19, 21 [2005]).
As the Board points out, if it had notice and an opportunity to be heard in the carrier’s federal action against JEC, the Board could and would have argued, for example, that the question of workers’ compensation insurance coverage of a specific claim lies squarely within the jurisdiction of the Board (see e.g. Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; O’Hurley-Pitts v Diocese of Rockville Ctr., 57 AD3d 633, 634 [2008]; Rivera v Lopez, 167 AD2d 953, 953 [1990]), and, therefore, the federal court should abstain from exercising federal jurisdiction over it (see Liberty Mut. Ins. Co. v Hurlbut, 585 F3d 639, 651 [2d Cir 2009]; In re New York City Off-Track Betting Corp., 434 BR 131, 157 [Bankr SD NY 2010]). As further properly observed by the Board, the federal default judgment was entered after the Board had already determined that the workers’ compensation policy, which the carrier issued to JEC, covered the claim involved in this case. It is well established that “[t]he findings by the . . . Board . . . are final and conclusive unless reversed on direct appeal and are not subject to collateral attack in a plenary action” (Lamkins v State of New York, 233 AD2d 599, 599-600 [1996] [citation omitted]; see Feltt v Owens, 247 AD2d 689, 690 [1998]). The Board’s findings and determination in this proceeding, if disclosed to the federal court, might very well have been accorded preclusive effect by that court (see Heroux v Ingrassio, 612 F Supp 2d 236, 240 [WD NY 2009]; Tran v Antoine Aviation Co., Inc., 624 F Supp 179, 180 [SD NY 1985]; see also Ryan v New York Tel. Co., 62 NY2d 494, 499-502 [1984]). As noted by the Board, if it had an opportunity to be heard in the federal action and the federal court declined to abstain from exercising federal jurisdiction over the matter, the Board could have filed a counterclaim and a summary judgment motion to enforce the compensation award that it had already issued against the carrier (see Workers’ Compensation Law § 54 [1]; see generally Losey v Roberts, 677 F Supp 101, 104-106 [ND NY 1986]). Finally, the fact that the federal action was determined upon default confirms that the issue of coverage was never “actually litigated” in that court, thereby precluding application of collateral estoppel or res judicata (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]). In sum, given that the necessary prerequisites for applying the preclusion doctrines are absent, we find that the Board properly declined to accord preclusive effect to the subject federal declaratory judgment.
McCarthy, J.R, Egan Jr., Lynch and Devine, JJ., concur.
*1358 Ordered that the appeal from the decision filed August 1, 2014 is dismissed, as moot, without costs. Ordered that the amended decision filed April 8, 2015 is affirmed, without costs.

. It is unclear whether the carrier advised the federal court of the Board’s August 1, 2014 decision. The minutes of the federal inquest hearing, dated August 6, 2014, provide no indication in this regard.

. Because the Board’s amended decision superseded the earlier decision, the appeal from the earlier decision is moot and must be dismissed (see Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 n [2015]; Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [2015], lv dismissed 26 NY3d 948 [2015]).

. Although the accident took place on January 31, 2013, this proof is acceptable to show the existence of an employer-employee relationship (see Matter of Pelaez v Silverstone, 93 AD3d 1042, 1043 [2012], lv dismissed and denied 19 NY3d 954 [2012]), which is presumed to continue absent a showing to the contrary (see Matter of Zinserling v State Storm Window Co., 280 App Div 1007, 1007 [1952]).