■ In the Matter of TODD LEAKE, Respondent, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant. [623 NYS2d 220] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 10, 1994, which, *inter alia,* enjoined Merrill Lynch from commencing any action in any forum, other than before the National Association of Securities Dealers, for any claim arising out of the termination of petitioner's employment with Merrill Lynch and his subsequent employment with Prudential Securities, unanimously reversed on the law, the facts, and in the exercise of

discretion, the injunction vacated, and the respondent's cross-motion for a preliminary injunction granted, without costs.

State courts are without power to restrain Federal court proceedings in in personam actions *(Donovan v City of Dallas,* 377 US 408, 412-413; *see also, General Atomic Co. v Felter,* 434 US 12, 17; *General Atomic Co. v Felter,* 436 US 493, 497; *Cone Hosp. v Mercury Constr. Corp.,* 460 US 1, 21, n 24). We therefore vacate the injunction granted by the trial court, which was based upon a misperception of the breadth of the holding in *Cone (supra),* and violative of the Supremacy Clause of United States Constitution, article VI, § 2.

In addition, the trial court erred by not entertaining, and granting Merrill Lynch's application for a preliminary injunction (CPLR 7502 [c]; *see, Blumenthal v Merrill Lynch, Pierce, Fenner & Smith,* 910 F2d 1049), due to the likelihood of the respondent's success on the merits, given the nature of the employment and non-solicitation agreements, the waiver signed by the petitioner, and the prejudice which would flow from denying this relief. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.