| **Matter of Harris** |
|:---:|
| 2024 NY Slip Op 33414(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450124/2024 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. SHAHABUDDEEN ABID ALLY</u>          PART 16
                                 *Justice*

| | |
|---|---|
| In the Matter of the Application of | **INDEX NO.**     450124/2024 |
| | **MOTION DATE**     6/4/2024 |
| Adrienne A. Harris, Superintendent of Financial Services of the State of New York, for an Order of Appointment as Ancillary Receiver of | **MOTION SEQ. NO.**     001 |
| ARROWOOD INDEMNITY COMPANY. | **DECISION & ORDER** |

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **INSURANCE LAW ARTICLE 74 (ANCILLARY RECEIVER):** 1-7, 11, 15-19, 21-41, 45-53, 55-56, 58-69, 72-73

Arrowood Indemnity Company ("<u>Arrowood</u>") is an insurance company domiciled in the State of Delaware and licensed to do business as an authorized foreign insurer in the State of New York pursuant to Insurance Law § 1113(a). (Verified Pet. ¶¶ 2-4). On November 8, 2023, the Court of Chancery of the State of Delaware issued a Liquidation and Injunction Order with Bar Date that, among other things, appointed the Delaware Insurance Commissioner as receiver of Arrowood and set January 15, 2025, as the bar date for the filing of claims against Arrowood. (*Id.* ¶¶ 5-7; *id.* Ex. 2 ("<u>Allen Aff.</u>"), Ex. A)

At the Delaware Insurance Commissioner's request, made by letter dated November 21, 2023, Adrienne A. Harris, Superintendent of Financial Services of the State of New York (the "<u>Superintendent</u>"), seeks to be appointed ancillary receiver of Arrowood pursuant to Insurance Law § 7407(c).[1] (*Id.* ¶¶ 9-10; Allen Aff. Ex. B) In aid of the ancillary receivership, the Superintendent also seeks an order, pursuant to Insurance Law § 7419(b), permanently enjoining and restraining

> all persons from the commencement or prosecution of any actions, lawsuits, or proceedings in the State of New York, the obtaining of preferences, judgments, attachments, or other liens, or the making of any levy in the State of New York against Arrowood, the Superintendent as Ancillary

---

[1] Delaware is reciprocal state under the Uniform Insurers Liquidation Act. *See* Ins. Law §§ 7408-15; Del. Code tit. 18, § 5920.

> Receiver or as administrator of the P/C Fund and the WC Fund . . . , the New York Liquidation Bureau . . . (the organization serving as the Ancillary Receiver's staff), or their employees, attorneys, or agents, with respect to this proceeding or in the discharge of their duties under Insurance Law Article 74 in relation thereto.

(Verified Pet. ¶ 15) Additionally, the Superintendent seeks an order: (1) "temporarily staying all litigations against insureds of Arrowood or in which Arrowood is obligated to defend an insured or provide a defense to a party pursuant to an insurance policy, for a period of 180 days from the date an Order commencing the ancillary receivership is signed"; and (2) "temporarily enjoining and restraining all persons who have first-party policyholder loss claims against Arrowood in the State of New York from presenting and filing claims with the Ancillary Receiver for a period of 90 days from the date an Order commencing the ancillary receivership is signed." (*Id.* ¶¶ 17-18)

A number of objections have been lodged against the Superintendent's application. One group of objectors are plaintiffs in pending actions pursuant to the Child Victims Act (the "CVA Objectors"), and they make essentially identical arguments as to why the Superintendent's requested stay of actions against Arrowood's insureds should not be issued or, alternatively, why their actions should be exempted from such stay. (*See* NYSCEF Docs. 15 ("Keller Aff."), 21, 27 ("Aliaga Aff."), 58, 62, 66, 72) The CVA Objectors contend that imposing a stay on their pending actions would violate the strong public policy that Child Victims Act (the "CVA") claims are to be resolved expeditiously and otherwise would be highly prejudicial or unjust to the CVA Objectors, whose claims are inherently old.

As support for the public policy on which they rely, the CVA Objectors cite the New York Senate Sponsor's Memorandum for the CVA, which provides, in relevant part:

> New York is one of the worst states in the nation for survivors of child sexual abuse. New York currently requires most survivors to file civil actions or criminal charges against their abusers by the age of 23 at most, long before most survivors report or come to terms with their abuse, which has been estimated to be as high as 52 years old on average. Because of these restrictive statutes of limitations, thousands of survivors are unable to sue or press charges against their abusers, who remain hidden from law enforcement and pose a persistent threat to public safety.
>
> . . . .
>
> Passage of the Child Victims Act will finally allow justice for past and future survivors of child sexual abuse, help the public identify hidden child predators through civil litigation discovery, and shift the significant and lasting costs of child sexual abuse to the responsible parties.

2019 N.Y. Sen. Bill No. 2440, *available at* https://www.nysenate.gov/legislation/bills/2019/S2440. The CVA Objectors also rely on several press releases issued contemporaneously with the passage of the CVA. In the first, New York Assembly Speaker Carl E. Heastie stated, "For too long survivors of childhood sexual abuse have had to live with their trauma while their perpetrators escaped justice because of New York's inadequate laws. This legislation [the CVA] would ensure that they are finally given their day in court and that their abusers are exposed and held accountable." (Keller Aff. Ex. C (NYSCEF Doc. 18)) In the second, the Honorable Lawrence K. Marks, then New York's Chief Administrative Judge, stated, "The revived Child Victims Act cases are critically important cases . . . , that must be adjudicated as consistently and expeditiously across the State." (*Id.* Ex. D (NYSCEF Doc. 19)) In the third, issued by the New York State Office of Children and Family Services on February 14, 2019, and collecting quotes from relevant government actors, then-Governor Andrew Cuomo is quoted as having said, "[The CVA] brings justice to people who were abused, and rights the wrongs that went unacknowledged and unpunished for too long," and New York Senate Majority Leader Andrea Stewart-Cousins is quoted as having said, "When we took up this fight for the [CVA], none of us thought it was going to be this tough or take this long. Government has a responsibility to stand up for the survivors of these heinous crimes." (Aliaga Aff. Ex. F (NYSCEF Doc. 33))

As the CVA Objectors further note, Judiciary Law § 219-d provides that "[t]he chief administrator of the courts shall promulgate rules for the timely adjudication of revived actions brought pursuant to [the CVA]," and that under such directive and authority, the court system implemented 22 N.Y.C.R.R. § 202.72, which provides that discovery should be completed and a note of issue should be filed in a CVA action within one year of the preliminary conference and that a trial should then be held within 60 days of the filing of the note of issue (unless dispositive motions have been filed).

Notwithstanding the foregoing, the Court is unpersuaded. To be sure, the Legislature intended that CVA claims should be timely resolved, subject to the specific needs and circumstances of each case. Given the nature of such claims, that intent is certainly laudable, and courts should seek, to the best of their ability, to fulfill it. But as explained by the Superintendent, "[t]he purpose of the ancillary receivership is to trigger the benefits of the New York Property and Casualty Insurance Security Fund . . . for New York policyholders that hold Arrowood policies and have

covered claims under New York Insurance Law Article 76," and the proposed stay will "permit the Security Fund to carry out all of its statutory functions in a reasonable time as required under Insurance Law Article 76 and the applicable insurance policies." (Gagion Affirm. (NYSCEF Doc. 45) ¶¶ 2, 7) Those functions include: "(i) receiv[ing] claims and related files referred to [the Security Fund] by the domestic liquidator (*i.e.*, the Delaware liquidator); (ii) review[ing] and analyz[ing] the relevant claim files; (iii) assign[ing] outside counsel, if necessary; and (iv) provid[ing] an appropriate defense to the insured and determin[ing] the appropriate next steps within the litigation." (*Id.* ¶ 7) The Superintendent avers that it anticipates being referred *more than 3,000* property and casualty claims. (Verified Pet. ¶ 7) So, clearly, there are competing policies and interests at stake here.

The Court has broad discretion to weigh and resolve those competing policies and interests when deciding whether to issue an anti-suit injunction in the context of the liquidation of an insurer. *Cf. In re Liquidation of Midland Ins. Co.*, 87 A.D.3d 487, 488 (1st Dep't 2011) ("Insurance Law § 7419(b) vests a liquidation court with broad authority to issue injunctions as it deems necessary to prevent interference with the liquidator or the proceeding, or the waste of the insurer's assets."). Initially, it is significant that the proposed stay is temporary, so while the CVA Objectors' actions will indeed be delayed by the imposition of the stay, that delay will be finite, with a set beginning and end date. Other than expressing generalized concerns about continued delay, none of the CVA Objectors have identified any *particularized*, nonspeculative prejudice that they would be likely to suffer directly as a result of the stay. Furthermore, nowhere in the Sponsor's Memorandum for the CVA or in the statements contained in the submitted press releases does the Court discern any intent that the policy of expeditious resolution of CVA claims should preclude the temporary staying of actions involving such claims in these circumstances—*i.e.*, for other legitimate statutory purposes. Nor, in this Court's view, does Judiciary Law § 219-d's directive to the court system to implement rules for the "timely" adjudication of CVA claims reflect such an intent. In other words, it is not apparent to the Court that the Legislature intended that the policies and purposes embodied in the Insurance Law should give way to resolution of CVA claims without *temporary, purposeful* interruption, or that concerns about the swift resolution of CVA claims should predominate all others in all situations. Finally, the timetable for adjudication of CVA actions set forth in 22 N.Y.C.R.R. § 202.72 is expressly aspirational, and because it was

**450124/2024 In re Arrowood Indemnity Company**
Mot. Seq. No. 001

Page 4 of 7

[* 4]

implemented pursuant to Judiciary Law § 219-d, it cannot embody a policy or intent that § 219-d does not.

At the same time, the Superintendent has statutory functions to fulfill. To aid her in doing so, she asks for a temporary pause on pending litigations in which, once she is appointed ancillary receiver for Arrowood, she will effectively stand in Arrowood's place, thereby assuming its contractual obligations to provide legal representation to insureds or to pay any settlements or judgments. It is not unreasonable that the Superintendent should request reasonable time to assess whether to retain or replace counsel previously appointed by Arrowood, to attempt to settle certain actions, and to make any other decisions it might need concerning its management of Arrowood's assets in New York or those of the Security Fund. As the Superintendent points out, New York courts routinely grant such stays (*see* Verified Pet. ¶ 20; *id.* Ex3 (NYSCEF Doc. 6)), and the CVA Objectors have not offered any examples of a court declining to issue such a stay in similar circumstances. In the end, the temporary and routine nature of the proposed stay, the lack of clear public policy precluding the stay, and the countervailing interests of the Superintendent militate in favor of granting the stay.

The cases on which the CVA Objectors rely are inapposite and do not require a different result. Both *Caimares v. Erickson*, 173 A.D.3d 417 (1st Dep't 2019), and *Hala v. Orange Regional Medical Center*, 178 A.D.3d 151 (2d Dep't 2019), involved a stay sought based on a stay order issued by a court of another state in connection with the liquidation of a risk-retention group ("RRG") domiciled in that state. In *Caimares*, the First Department determined that an RRG is not an insurance company subject to New York's version of the Uniform Insurers Liquidation Act (the "UILA"). 173 A.D.3d at 417. Arrowood, however, is not an RRG but is indisputably an insurer within the meaning of the UILA, pursuant to which the Superintendent seeks its appointment here. Further, the jurisdictional issues that concerned the Second Department are not present here, because the stay would arise from this proceeding before this Court, a New York court. Finally, the stay at issue in both *Caimares* and *Hala* was permanent, whereas the proposed stay here is, again, merely temporary. *See Hala*, 178 A.D.3d at 166 (recognizing that "the jurisprudence of this state, the public policy expressed in New York's adoption of the UILA, and the principles of comity could, in the case of a *temporary* order of another state, weigh in favor of recognition and enforcement of such order by this Court"). Thus, unlike the plaintiffs in *Caimares* and *Hala*,

the CVA Objectors will not be deprived of their opportunity for redress of the wrongs allegedly committed against them.

The Roman Catholic Diocese of Brooklyn, New York, along with a number of related entities (the "Diocese"), also object to the Superintendent's application to the extent that it seeks to exempt the insurance-coverage litigation *Arrowood Indemnity Co. v. The Roman Catholic Diocese of Brooklyn, New York, et al.*, Index No. 20-cv-06281, pending in the U.S. District Court for the Eastern District of New York (the "Coverage Action"), from the injunctive relief sought herein. (*See* Artese Affirm. (NYSCEF Doc. 35); *id.* Ex. 1 (listing 28 related entities)) The Diocese otherwise supports the imposition of such injunctive relief.

The Court cannot exempt from the proposed injunctive relief, however, an action that was never covered by such relief to begin with. As the Superintendent and the Delaware receiver both point out, the proposed injunctive relief, by its plain terms, does not enjoin any actions maintained *by Arrowood*, such as the Coverage Action. (Black Affirm. (NYSCEF Doc. 48) ¶ 4; Gagion Affirm. (NYSCEF Doc. 49) ¶ 6)

The proposed injunctive relief does not apply to the Coverage Action for another, independent reason. It is well settled that, with one exception not applicable here, a state court is without power to enjoin an action pending in a federal court. *Leake v. Merrill Lynch, Pierce, Fenner & Smith*, 213 A.D.2d 155, 156 (1st Dep't 1995) (citing *Donovan v. City of Dallas*, 377 U.S. 408, 412-413 (1964)). Therefore, if the district court were to enjoin the continued litigation of the Coverage Action, it would do so of its own accord, presumably under principles of comity. This Court, however, has no power to order the district court to stay the Coverage Action. If the Diocese wishes that the Coverage Action (or any part thereof) be stayed, it must make its application to the district court.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the Verified Petition and Order to Show Cause (Seq. No. 1) are **GRANTED**, and Adrienne A. Harris, Superintendent of Financial Services of the State of New York, and her successors in office, are appointed as ancillary receiver of Arrowood Indemnity Company **in accordance with and subject to the terms of the annexed Order of Ancillary Receivership, dated September 27, 2024**; and it is further

[* 6]

ORDERED that petitioner shall serve a copy of this Decision and Order and the annexed Order of Ancillary Receivership upon the Clerk of the General Clerk's Office and upon the Trial Support Office (60 Centre Street, Room 148, New York, NY 10007), with notice of entry within twenty (20) days thereof, **and** shall separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22 within twenty (20) days of the entry of this Decision and Order and the annexed Order of Ancillary Receivership; and it is further

ORDERED that service upon the Clerk of Court and Trial Support Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[2] and it is further

ORDERED that the Clerk shall mark Motion Sequence No. 1 decided in all court records; and it is further

ORDERED that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision, order, and judgment of the Court.

| September 27, 2024 | | SHARABUDDEEN ABID ALLY, A.J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| APPLICATION: | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[2] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

450124/2024 In re Arrowood Indemnity Company
Mot. Seq. No. 001

Page 7 of 7

At IAS Part __16__ of the Supreme Court of the State of New York, County of New York, at the Courthouse, __111 Centre Street__ in the County, City and State of New York, on the 27th day of __September__ , 2024.

PRESENT:

HON. SHAHABUDDEEN A. ALLY, A.J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

In the Matter of

the Application of

Adrienne A. Harris, Superintendent of Financial Services
of the State of New York, for an Order of Appointment
as Ancillary Receiver of

ARROWOOD INDEMNITY COMPANY.
-----------------------------------------------------------------X

Index No.:

**ORDER OF
ANCILLARY
RECEIVERSHIP**

Adrienne A. Harris, Superintendent of Financial Services of the State of New York ("Superintendent"), having moved this Court for an order appointing the Superintendent and her successors in office as ancillary receiver ("Ancillary Receiver") of Arrowood Indemnity Company ("Arrowood"), and upon reading and filing the petition of the Superintendent, duly verified on the 3rd day of January, 2024 ("Verified Petition"), the Affidavit of Marc Allen, Assistant Chief Examiner, Property Bureau, New York State Department of Financial Services, sworn to on the 19th day of December, 2023, and the exhibits annexed thereto, this Court finds that:

1.    Arrowood is a property/casualty insurer organized under the laws of the State of Delaware, with its main administrative office located in Charlotte, North Carolina;

2.    Arrowood was licensed in the State of New York to transact the kinds of insurance specified in New York Insurance Law §§ 1113(a)(3) – (17) and (19-21);

[* 8]

3.      By order dated November 8, 2023, the Delaware Court of Chancery issued a Liquidation and Injunction Order with Bar Date (the "Liquidation Order"). The Liquidation Order found Arrowood to be insolvent and appointed the Insurance Commissioner of the State of Delaware as receiver of Arrowood (the "Delaware Receiver"). The Liquidation Order also, among other things, established January 15, 2025, as the bar date for the filing of claims against Arrowood (the "Claims Bar Date");

4.      Arrowood is subject to Article 74 of the New York Insurance Law ("Insurance Law");

5.      Delaware is a reciprocal state within the meaning of Insurance Law § 7408(b)(6);

6.      The Delaware Receiver requested that the Superintendent commence an ancillary receivership proceeding for Arrowood; and

7.      Insurance Law § 7410(a) mandates that the Superintendent be appointed Ancillary Receiver of Arrowood.

NOW, on the motion of the Honorable Letitia James, Attorney General of the State of New York, it is hereby

ORDERED as follows:

1.      The relief requested in the Verified Petition seeking an order of ancillary receivership ("Order") is granted in its entirety;

2.      The Superintendent and her successors in office are appointed Ancillary Receiver of Arrowood and are vested with all rights and obligations granted to and imposed upon her pursuant to Article 74 of the Insurance Law;

3.      In accordance with Insurance Law § 7412(a), the Claims Bar Date of January 15, 2025, established in paragraph 24 of the Liquidation Order, applies to this ancillary receivership proceeding and all New York claims under Arrowood policies and evidence supporting such claims must be submitted to the Ancillary Receiver by January 15, 2025, and if not submitted by that date shall be barred;

2

[* 9]

FILED: NEW YORK COUNTY CLERK 01/05/2024 07:04 AM

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 01/05/2024

4.    All persons are permanently enjoined and restrained from commencing or prosecuting any actions, lawsuits or proceedings in the State of New York against Arrowood, and all persons are permanently enjoined and restrained from obtaining preferences, judgments, attachments, or other liens, or making any levy in the State of New York against Arrowood, the Superintendent as Ancillary Receiver or as administrator of the New York Property/Casualty Insurance Security Fund or Workers' Compensation Security Fund ("New York security funds"), the New York Liquidation Bureau, and their employees, attorneys, or agents, with respect to this proceeding or in the discharge of their duties;

5.    All parties to actions, lawsuits, and special or other proceedings against insureds of Arrowood or in which Arrowood is obligated to defend an insured or provide a defense to a party pursuant to an insurance policy are enjoined and restrained from obtaining any judgment or proceeding with any discovery, court proceedings, or other litigation tasks or procedures, including, but not limited to, conferences, trials, applications for judgment, or proceedings on settlement or judgment, for a period of 180 days from the date this Order is signed;

6.    All persons who have first party policyholder loss claims against Arrowood in the State of New York are enjoined and restrained from presenting and filing claims with the Ancillary Receiver for a period of 90 days from the date this Order is signed;

7.    Judicial immunity is extended to the Superintendent in her capacities as Ancillary Receiver of Arrowood and as administrator of the New York security funds, her successors in office, the New York Liquidation Bureau, and their agents and employees, for any cause of action of any nature against them, individually or jointly, for any act or omission when acting in good faith, in accordance with the orders of this Court, or in the performance of their duties pursuant to Insurance Law Articles 74 and 76;

8.    The Ancillary Receiver shall serve a copy of this Order on the Delaware Insurance Commissioner, in his capacity as Receiver of Arrowood Indemnity Company, c/o James J. Black, III, at Black & Gerngross, PC, 1617 John F. Kennedy Blvd., Suite 1575, Philadelphia, PA 19103, and Gene T. Reed, Jr., Deputy Receiver, Rehabilitation & Liquidation Bureau at 704 King Street, Suite 602, Wilmington, DE 19801, by overnight mail within 10 days after the entry of this Order;

9.    The Ancillary Receiver shall provide notice of this Order to all creditors, claimants, and interested persons located in the State of New York by posting this Order on the Internet web page maintained by the New York Liquidation Bureau at http://www.nylb.org within 10 days after the entry of this Order;

10.   Arrowood's license to do business in the State of New York is hereby revoked;

11.   The caption for this proceeding is hereby amended as follows:

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
In the matter of

the Ancillary Receivership of

ARROWOOD INDEMNITY COMPANY.
-------------------------------------------------------------------X

12.    All further papers in this proceeding shall bear the above amended caption.

ENTER

_____
HON. SHAHABUDDEEN A. ALLY, A.J.S.C.

4